J.A21009/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                Appellee :
:
          v. :
:
ANTONE JOHNSON, :
:
                Appellant : No. 833 EDA 2013

Appeal from the PCRA Order February 13, 2013
In the Court of Common Pleas of Monroe County
Criminal Division No(s).: CP-45-CR-0000442-2007

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED AUGUST 28, 2015**

Appellant, Antone Johnson, appeals *pro se* from the order of the Monroe County Court of Common Pleas that denied his timely first Post Conviction Relief Act[1] ("PCRA") petition. Appellant claims the trial court improperly denied his request to proceed *pro se*. We affirm.

This Court previously noted Appellant's conviction for possession and possession with intent to deliver cocaine[2] arose from the following traffic stop.

> On March 30, 2007, Trooper Nicholas Cortes ("Trooper Cortes") of the Pennsylvania State Police Department,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(16), (30).

arrested [A]ppellant and his cohort, Clifton J. White ("White"), following a traffic stop. Both men were charged with possession of a controlled substance and possession of a controlled substance with intent to deliver in relation to cocaine found during a search of the vehicle, however, the men were tried separately.[ ] The charges arose after the trooper stopped the vehicle [A]ppellant was operating, but which White owned, and discovered drugs in the back floorboard behind the front seats.

*Commonwealth v. Johnson*, 1125 EDA 2009, at 1-2 (unpublished memorandum) (Pa. Super. Nov. 4, 2010), *appeal denied*, 895 MAL 2010 (Pa. Aug. 30, 2011).

The procedural history relevant to the appeal follows. David Skutnik, Esq., entered an appearance as appointed conflicts counsel on April 16, 2007. Appellant attempted to file numerous *pro se* materials seeking a writ of *habeas corpus*, all of which the trial court forwarded to Attorney Skutnik. *See* Pa.R.Crim.P. 576(A)(4). On September 13, 2007, the court received Appellant's *pro se* "Waiver of Counsel" motion, in which he asserted irreconcilable differences with counsel and the lack of communication and consultation between them. Appellant's Waiver of Counsel, 9/12/07. On October 1, 2007, the court convened a hearing on the request to waive counsel and conducted a colloquy pursuant to Pa.R.Crim.P. 121(A)(2). N.T., 10/1/07, at 2-8. The court determined Appellant did not "demonstrate a clear understanding of the nature of the charge and the elements of each of those charges[,] and was unaware of the permissible range of sentences

and/or fines for the offenses charge[d]."[3]  Order, 10/2/07, at 2.  The court denied Appellant's motion, concluding as follows: "[W]e are not convinced at this time that [Appellant] understands the full impact and consequences of his waiver of the right of counsel."  *Id.*

Attorney Skutnik filed and litigated a suppression motion.  On November 29, 2007, he filed a "Motion for Leave to Withdraw as Counsel," asserting he was "unable to work with [Appellant] who questions counsel's ability to properly represent him."  Mot. for Leave to Withdraw as Counsel, 11/29/07, at ¶ 3.  The trial court, on December 6, 2007, denied suppression and one week later, on December 13th, denied Attorney Skutnik's motion to withdraw as counsel.

The matter proceeded to a jury trial, and on January 4, 2008, the jury found Appellant guilty of possession and possession with intent to deliver.  Four days later, the Commonwealth filed a notice of intent to impose a mandatory minimum sentence under 18 Pa.C.S. § 7508(a)(3)(iii).[4]  On

---

[3] Appellant also stated he was unfamiliar with the concepts of "reasonable doubt" and the "presumption of innocence."  N.T., 10/1/07, at 7.

[4] Section 7508(a)(3)(iii), in relevant part, required the imposition of a mandatory minimum sentence of seven years for offenses involving weights of cocaine exceeding 100 grams and where the defendant has been convicted of another drug trafficking offense.  18 Pa.C.S. § 7508(a)(3)(iii). In *Commonwealth v. Fennell*, 105 A.3d 13, 20 (Pa. Super. 2014), this Court held Section 7508 was constitutional in its entirety under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

March 25, 2008, the trial court sentenced Appellant to seven to fourteen years' imprisonment.

On March 31, 2008, the trial court received Appellant's *pro se* post-sentence motions, challenging (1) the weight of the evidence, (2) the sufficiency of the evidence, (3) the court's denial of suppression, and (4) the effectiveness of Attorney Skutnik. On April 2, 2008, Attorney Skutnik filed a motion to withdraw asserting he could no longer represent Appellant in light of the ineffectiveness claims. Mot. for Leave to Withdraw as Counsel & Extend Time to File Post-Sentencing Mots., 4/2/08, at ¶ 4. The following day, April 3rd, the court granted Attorney Skutnik leave to withdraw and appointed Jason Leon, Esq., as counsel. On April 14th, the court received Appellant's request to waive counsel and struck the motion on the following day. Appellant corresponded with Attorney Leon and instructed him not to disturb his *pro se* post-sentence motion. Attorney Leon filed a brief in support of Appellant's post-sentence motion on September 5, 2008.

On December 16, 2008, the trial court convened a hearing to consider Appellant's claim of ineffectiveness, and Attorney Skutnik testified. On March 11, 2009, the court denied Appellant's post-sentence motions. Attorney Leon filed a notice of appeal on April 9th. Six days later, on April 15th, the court received Appellant's *pro se* notice of appeal and "Waiver of Counsel." Attorney Leon then filed a court-ordered Pa.R.A.P. 1925(b) statement.

This Court, on November 4, 2010, affirmed the judgment of sentence. We concluded (1) Appellant did not have a reasonable expectation of privacy in the vehicle searched by officers; (2) Appellant failed to plead and prove Attorney Skutnik was ineffective for failing to call as a witness White—the owner and passenger of the vehicle Appellant was driving at the time of his arrest;[5] and (3) the evidence was sufficient to support the verdicts. *Johnson*, 1125 EDA 2009, at 10, 14, 19. Appellant did not challenge the trial court's denial of his requests to proceed *pro se* in this Court. The Pennsylvania Supreme Court denied allowance of appeal on August 30, 2011. *Johnson*, 895 MAL 2010.

Appellant, on July 16, 2012,[6] timely filed the *pro se* first PCRA petition giving rise to this appeal. Appellant asserted the trial court violated his constitutional right to self-representation when it denied his waivers of counsel. Appellant's Mot. for Post Conviction Collateral Relief, 7/16/12, at 3. Appellant indicated "No attorney requested" in his petition. *Id.* at 7.

On August 1, 2012, the PCRA court appointed William Watkins, Esq., to represent Appellant. Appellant, acting *pro se*, filed an "Amendment to

---

[5] We addressed the merits of Appellant's ineffectiveness claim on direct appeal under *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003). However, there was no indication in the record that Appellant waived his right to further PCRA review as is required by the more recent decision in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013).

[6] We have used the date of the postal stamp to determine the time of filing. *See Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998) (discussing prisoner mailbox rule).

PCRA Petition," "Motion to Correct Citation Error of PCRA Petition," and "Motion to Withdraw Counsel and Proceed *Pro Se*," all of which the court forwarded to counsel. Appellant filed with the clerk of court a letter he sent to Attorney Watkins asserting counsel was not authorized to act on his behalf and instructing counsel "not to file anything" in the matter. Letter from Appellant to Attorney Watkins, 9/14/2012, at 2.

The Commonwealth, on September 24, 2012, filed a response to Appellant's *pro se* petition, indicating that the claim was previously litigated or waived under 42 Pa.C.S. § 9544 and, in the alternative, meritless. Commonwealth's Answer & Br. in Opp'n to Def.'s PCRA Pet., 9/24/12, at 4. That same day, Attorney Watkins filed a "Motion for Leave to Withdraw and Allow Defendant to Proceed *Pro Se*." The PCRA court also received Appellant's *pro se* memorandum of law asserting that the PCRA court and the Commonwealth were violating his constitutional right to self-representation.

The PCRA court, on November 5, 2012, convened a hearing to consider Appellant's request to proceed *pro se*. After conducting a Pa.R.Crim.P. 121(A)(2) colloquy,[7] the court denied Appellant's request and

---

[7] As we reiterated in **Commonwealth v. Stossel**, 17 A.3d 1286 (Pa. Super. 2011):

> [Rule 121(A)(2)(b) and (c), regarding the defendant's understanding of nature of the charges and possible punishments,] are not relevant in the PCRA setting[. . . .

scheduled a hearing on the PCRA petition for later that same day. N.T., 11/5/12, at 4-13. At the hearing on Appellant's petition, Attorney Watkins averred Appellant believed he was entitled to "immediate . . . dismissal or reversal" of his conviction. ***Id.*** at 14. Attorney Watkins asked Appellant to testify to preserve a record, but Appellant refused. ***Id.*** at 15. The court denied Appellant's request for *pro se* argument. ***Id.*** The Commonwealth reasserted its position that Appellant's PCRA claim was waived or meritless. ***Id.*** at 16-17. The court granted the parties leave to file supplemental briefs.

On November 20, 2012, the PCRA court received Appellant's *pro se* memorandum of law asserting a deprivation of his right to self-representation at trial. That same day, Attorney Watkins filed a brief asserting the PCRA court erred in denying Appellant's request to proceed *pro se* on collateral review. On February 13, 2013, the court denied relief,

---

> I]f a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f). A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently."

***Id.*** at 1289-90 (citation omitted).

opining Appellant's claim lacked merit. On March 13, 2013, both Attorney Watkin and Appellant filed notices of appeal.

The PCRA court, on March 15, 2013, issued an order for the filing of a Pa.R.A.P. 1925(b) statement. The order was distributed to counsel for the Commonwealth and Attorney Watkins. Attorney Watkins filed a timely request for an extension of time, which the PCRA court granted in part, setting a new deadline of April 12, 2013. Order, 4/8/13. However, Attorney Watkins failed to comply with the April 12th deadline and on the following business day, April 15th, filed a Rule 1925(b) statement and a request for extension of time.[8] The court, that same day, entered a Rule 1925(a) statement asserting all claims were waived under Rule 1925(b)(4)(vii) or meritless.

On May 8 and 10, 2013, respectively, this Court and the trial court received Appellant's requests to proceed *pro se*, withdraw counsel's Pa.R.A.P. 1925(b) statement, and accept his *pro se* Rule 1925(b) statement *nunc pro tunc*. On May 30, 2013, this Court issued a *per curiam* order remanding the matter to the PCRA court for a **_Grazier_**[9] hearing. Order, 5/30/13. We further directed the following:

---

[8] The record contains a letter from Appellant to Attorney Watkins demanding counsel only file a Rule 1925(b) statement after he (Appellant) reviewed a written draft.

[9] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

> [I]n the event the PCRA court permits Appellant to proceed *pro se*, the PCRA court shall enter the Appellant's *pro se* "Statement Of Matters Complained Pursuant To Pa.R.A.P. 1925(B)," which Appellant attached to his "Motion To Withdraw Counsel's Defective Concise Statement," on the PCRA court docket, and the PCRA court shall prepare a supplemental opinion, pursuant to Pa.R.A.P. 1925(a), in response to the *pro se* Rule 1925(b) statement.

*Id.*

The PCRA court, on June 28, 2013, entered an order denying Appellant's motion to remove counsel and proceed *pro se*, indicating that Appellant refused to cooperate or answer questions at a *Grazier* hearing. Order, 6/28/13. However, on November 13, 2013, the PCRA court entered an order appointing new appellate counsel, Brian Gaglione, Esq., due to the "resignation" of Attorney Watkins.[10] Order, 11/13/13. The record contains a letter from Appellant to Attorney Gaglione asserting counsel was not authorized to act on his behalf. The PCRA court, on December 19, 2013, received Appellant's *pro se* "Motion to Withdraw Counsel and Proceed *Pro Se*." The final document contained in the certified record is Appellant's letter notifying the PCRA court of his release from prison to a halfway house.

As an epilogue, we note that on July 28, 2014, Attorney Gaglione filed in this Court a "Motion to Withdraw as Counsel." On August 22, 2014, this Court again issued a *per curiam* order remanding for a *Grazier* hearing. The PCRA court, on September 26, 2014, informed this Court by letter that it

---

[10] The circumstances of Attorney Watkins' "resignation" were not detailed by the PCRA court.

denied Attorney Gaglione's motion to withdraw because Appellant failed to appear at the ***Grazier*** hearing it scheduled in response to our July 28th order. On January 14, 2015, this Court, by a *per curiam* order, again remanded to determine whether Attorney Gaglione abandoned Appellant by failing to file an appellate brief. On January 26, 2015, the PCRA court replied by letter. The court noted that on October 31, 2014, it granted Attorney Gaglione leave to withdraw, found Appellant's request to proceed *pro se* on appeal was knowing, intelligent, and voluntary, and suggested no further PCRA court action was necessary. The PCRA court attached its October 31, 2014 order to its response. Appellant thereafter submitted a *pro se* brief to this Court, and this matter is now before this Panel.

Preliminary, we consider whether the failure to file a timely Pa.R.A.P. 1925(b) statement warrants waiver of all issues for appeal. Ordinarily, the late filing of a Rule 1925(b) statement results in waiver. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***cf. Commonwealth v. Hill***, 16 A.3d 484, 493-94, 495 n.14 (Pa. 2011) (discussing bright-line rule established in former Rule 1925(b), but declining to decide whether remand procedures in current Rule 1925(c)(3) regarding criminal cases applies in context of PCRA proceedings, which are civil in nature); ***Commonwealth v. Burton***, 973 A.2d 428, 432 (Pa. Super. 2009) (holding counsel's filing of untimely Rule 1925(b) statement in direct appeal constitutes *per se* ineffectiveness under Rule 1925(c)(3)).

As noted above, Attorney Watkins filed an untimely Pa.R.A.P. 1925(b) statement. Moreover, Appellant submitted his *pro se* Rule 1925(b) statement and request for *nunc pro tunc* relief only after counsel's procedural default. Accordingly, the untimeliness of these statements could warrant waiver of all issues in this appeal. ***See Hill***, 16 A.3d at 493-94, 495 n.14.

Nevertheless, this Court previously addressed the apparent untimeliness of Appellant's request for *nunc pro tunc* relief, in our May 30, 2013 order remanding for a ***Grazier*** hearing. Specifically, we instructed the PCRA court to docket and respond to Appellant's *pro se* Rule 1925(b) statement, if it permitted Appellant to proceed *pro se*. Order, 5/30/13. Impliedly, our May 30, 2013 mandate required the PCRA court to accept Appellant's *pro se* Pa.R.A.P. 1925(b) statement *nunc pro tunc*. Therefore, we decline to revisit our prior order or remand this case for the preparation of a supplemental Rule 1925(a) opinion. Rather, we regard as done that which should have been done and proceed to consider the issue raised in Appellant's *pro se* brief. ***Cf. Burton***, 873 A.2d at 433.

Appellant presents three arguments asserting the **trial court** improperly denied his motion to proceed *pro se*. Appellant's Brief at 8-9. He claims "lack of legal knowledge bears no relevance on rights to self-representation" and suggests the trial court's error was prejudicial *per se* because his "voice was effectively silenced." ***Id.*** Appellant mentions the

PCRA court only in passing and does not seek remand for new PCRA proceedings. *Id.* at 9. Rather, he insists "the only relief . . . is a reversal of [his] conviction and a dismissal of all charges." *Id.* No relief is due.

The principles governing our review of Appellant's claim are well settled:

> In reviewing an appeal from the denial of PCRA relief, "our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." . . . In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Subsection 9543(a)(2); one of those circumstances is the ineffective assistance of counsel. Further, the petitioner must show that the issues raised in his PCRA petition have not been previously litigated or waived.

*Commonwealth v. Faulk*, 21 A.3d 1196, 1999 (Pa. Super. 2011) (citations omitted). With respect to waiver under the PCRA, 42 Pa.C.S. § 9544 states, "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Instantly, Appellant's arguments on appeal focus on the trial court's denial of his requests to proceed *pro se*. Because this claim of trial court error could have been raised in Appellant's direct appeal, it is waived for the purposes of the PCRA. *See* 42 Pa.C.S. § 9544(b); *Faulk*, 21 A.3d at 1200. Accordingly, Appellant's argument warrants no appellate relief. *See Faulk,* 21 A.3d at 1200.

Our application of the Section 9544(b) provision is a harsh result under the circumstances of this case. We acknowledge that the constitutional right to self-representation is a "highly personal" one. **See Commonwealth v. Starr**, 664 A.2d 1326, 1334-35 (Pa. 1995). Moreover, we recognize that a court should not burden that right under the rubric of an allegedly unknowing or unintelligent waiver. **See id.** at 1336-37 (noting "criminal defendant's technical legal knowledge and courtroom skill is not relevant to an assessment of his knowing and intelligent exercise of the right to defend himself" and "represents the kind of paternalistic concern for a criminal defendant expressly rejected" by United States Supreme Court).

Conversely, we must acknowledge Appellant's intransigence and repeated insistence that his appointed attorneys—from the post-sentencing proceeding to the present PCRA proceeding—not make any changes to his pleadings, claims, or arguments or file anything on his behalf. In this regard, Appellant's own actions suggest it was impossible for either post-sentence/direct appeal or PCRA counsel to develop Appellant's argument into a cognizable claim of trial court error or an allegation of direct appeal counsel's ineffectiveness. Consequently, we conclude Appellant intended to present the specific claim raised in this appeal, and we have addressed it.[11]

---

[11] Were we to address the merits of Appellant's claims, however, we would note Appellant's fundamental misunderstanding that his *pro se* status afforded him no special treatment under the law. **See Commonwealth v. Blakeney**, 108 A.3d 739, 767 (Pa. 2014) ("Although the courts may liberally

J.A21009/15

Thus, we affirm based upon the failure to develop an appellate argument warranting relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015

---

construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading."). Although Appellant apparently acknowledged that he would not receive special advantages or consideration if he proceeded *pro se* before the trial court, N.T., 10/1/07, at 5, he subsequently argued with the PCRA court that he would not be bound by normal rules of procedure and evidence. N.T., 11/5/12, at 7. Lastly, we note Appellant is due no relief based on a sentence imposed under 18 Pa.C.S. § 7508(a)(3)(iii), because this Court has concluded that **Alleyne**, and its Pennsylvania progeny, do not apply retroactively to postconviction review. **Commonwealth v. Riggle**, __ A.3d ___, ___, 2015 WL 4094427 (Pa. Super. July 7, 2015).

- 14 -