J-S28038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR GURDINE, | |
| Appellant | No. 157 EDA 2015 |

Appeal from the PCRA Order January 5, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009766-2007

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED APRIL 12, 2016**

Appellant, Lamar Gurdine, appeals from the order of January 5, 2015, which dismissed, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the underlying facts and procedural history in this matter from this Court's March 30, 2011 memorandum on direct appeal and our independent review of the certified record.

> At approximately 2:00 p.m. on February 16, 2007[,] Philadelphia Police Officers [Joseph] McCauley and [Michael] Maresca were in the area of 13th and Pike Streets in Philadelphia when they heard gunfire. Officer McCauley ran towards the gunfire and observed [A]ppellant and

---

[*] Retired Senior Judge assigned to the Superior Court.

other males shooting at each other while running southbound on 13th Street. When Officer McCauley ordered them to drop their weapons, [A]ppellant pointed his gun at the officer, said "[f**k] you," and continued running while firing at Officer McCauley. When Officer Maresca then arrived on the scene, [A]ppellant turned and pointed his weapon at Officer Maresca. Appellant pulled the trigger, but the gun had no more ammunition and only made a clicking sound.

(*Commonwealth v. Gurdine*, No. 909 EDA 2010, unpublished memorandum at *2 (Pa. Super. filed March 30, 2011) (quoting Trial Court Opinion, 6/09/10, at 2)).

On February 19, 2009, following a non-jury trial, the court found Appellant guilty of two counts of attempted murder, possession of an instrument of crime and related charges. On November 13, 2009, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twenty-two and one-half nor more than forty-five years. On November 23, 2009, Appellant filed a post-sentence motion, which the trial court denied by operation of law on March 24, 2010.

On March 30, 2011, this Court affirmed the judgment of sentence. (*See Commonwealth v. Gurdine*, 26 A.3d 1211 (Pa. Super. 2011)). The Pennsylvania Supreme Court denied leave to appeal on November 14, 2011. (*See Commonwealth v. Gurdine*, 32 A.3d 1275 (Pa. 2011)).

On January 24, 2012, Appellant, acting *pro se*, filed the instant timely PCRA petition. On October 22, 2012, the PCRA court appointed counsel. On February 21, 2013, PCRA counsel filed an amended PCRA petition. On

February 2, 2014, without seeking leave of court, counsel filed a supplemental PCRA petition. On December 1, 2014, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response to the Rule 907 notice. On January 5, 2015, the PCRA court dismissed Appellant's PCRA petition. The instant, timely appeal followed. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Despite this, Appellant filed a Rule 1925(b) statement on March 16, 2015. The PCRA court did not issue an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

I. Whether the [PCRA court] was in error in not granting relief on the PCRA petition alleging counsel was ineffective[?]

II. Whether the [PCRA court] was in error in denying[] Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

(Appellant's Brief, at 8).[1]

We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the

---

[1] We have re-ordered Appellant's arguments for ease of disposition.

PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). **See** 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In the first issue on appeal, Appellant contends that he received ineffective assistance of trial counsel because counsel: (a) failed to file a post-sentence motion challenging the weight of the evidence (**see**

Appellant's Brief, at 17-20); and (b) failed to call two fact witnesses (**see id.** at 21-23). We disagree.

Counsel is presumed effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. McDermitt**, 66 A.3d 810, 813 (Pa. Super. 2013). The test for ineffective assistance of counsel is the same under both the United States and Pennsylvania Constitutions. **See Strickland v. Washington**, 466 U.S. 668, 687 (1984); **Commonwealth v. Jones**, 815 A.2d 598, 611 (Pa. 2002). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds by* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." **Jones**, *supra* at 611 (citation omitted).

Appellant first argues that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence. (**See** Appellant's Brief, at 17-20). We disagree.

A claim that the verdict is against the weight of the evidence concedes that the evidence is sufficient to support the verdict. **See Commonwealth v. Moreno**, 14 A.3d 133, 135 (Pa. Super. 2011), *appeal denied*, 44 A.3d

- 5 -

1161 (Pa. 2012). The initial determination of credibility and weight to be afforded the evidence is for the factfinder, who is free to believe all, part, or none of the evidence presented. *See Commonwealth v. Kane*, 10 A.3d 327, 332-33 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011). A court must not reverse a verdict on this type of claim unless that verdict is so contrary to the evidence as to shock one's sense of justice. *See id.*

It is difficult to ascertain the basis of Appellant's claim that there was a meritorious issue regarding the weight of the evidence. Appellant's argument on this issue is devoid of citation to the record. (*See* Appellant's Brief, 17-18). Further, Appellant never specifies the basis of the claim and merely speaks vaguely of inconsistent testimony. (*See id.*). Assuming, *arguendo*, that Appellant is referring to the inconsistencies highlighted in trial counsel's closing argument (*see* N.T. Trial, 2/19/09, at 72-80), we note that the trial court, sitting as the finder-of-fact, clearly rejected these arguments and found Appellant guilty despite those alleged inconsistencies. (*See id.* at 84-85).[2] Appellant utterly fails to explain why these same arguments would have formed the basis for a successful post-sentence motion challenging the weight of the evidence.

_____

[2] In fact, when defense counsel asked the trial court to find Appellant not guilty based upon the evidence, the court responded, "[y]ou're serious?" (*Id.* at 84).

After due consideration of the trial record concerning Appellant's engaging in a gunfight and shooting at two police officers, (**see id.** at 22-25, 44-47); this Court's sense of justice was not shocked at all by the verdict and we see no indication in the record that the trial court, the finder-of-fact in this case, would have reconsidered its previous finding. **See Kane**, **supra** at 332-33. We will not fault trial counsel for failing to file a non-meritorious post-sentence motion challenging the weight of the evidence. **See Commonwealth v. Ross**, 856 A.2d 93, 101 (Pa. Super. 2004), *appeal denied*, 889 A.2d 1215 (Pa. 2005), *cert. denied*, 547 U.S. 1045 (2006) (declining to find trial counsel ineffective for not filing non-meritorious weight of evidence motion).

Appellant next argues that trial counsel was ineffective for failing to call two fact witnesses. (**See** Appellant's Brief, at 21-23). However, Appellant waived this claim.

Appellant did not raise this issue in his amended PCRA petition. (**See** Amended PCRA Petition, 2/21/13, at 2-3). Rather, he raised it for the first time in his supplemental PCRA petition. (**See** Supplemental PCRA Petition, 1/21/14, at 1). It is long-settled that a PCRA petitioner must seek leave of court to supplement a PCRA petition, and claims raised in an unauthorized supplemental petition are waived. **See Commonwealth v. Mason**, -- A.3d --, 2015 WL 9485173 at *12-13 (Pa. Dec. 29, 2015); **see also** Pa.R.Crim.P. 905(A). Since Appellant did not have leave of court to file his supplemental

petition, he waived his claim that trial counsel was ineffective for failing to call two fact witnesses. **See Mason**, **supra** at \*12-13; **see also Commonwealth v. Reid**, 99 A.3d 470, 484 (Pa. 2014) (claim waived where appellant raised it in unauthorized supplemental PCRA petition).

Next, Appellant claims that appellate counsel was ineffective for failing to challenge the discretionary aspects of sentence on direct appeal. (**See** Appellant's Brief, at 20-21). Specifically, he avers that appellate counsel should have argued on direct appeal that the sentence was harsh and unreasonable, that the trial court failed to consider mitigating circumstances and rehabilitative needs, and that the trial court failed to place sufficient reasons on the record to justify the sentence. (**See id.**). We disagree.

In regard to claims raised in PCRA petitions that appellate counsel was ineffective for failing to raise certain issues on appeal, this Court, relying on both Pennsylvania and United States Supreme Court decisions, has reiterated that neither the Pennsylvania nor the United States Constitution requires appellate counsel "to raise and to argue all colorable, nonfrivolous issues" that a criminal defendant wishes to raise on appeal. **Commonwealth v. Showers**, 782 A.2d 1010, 1015 (Pa. Super. 2001), *appeal denied*, 814 A.2d 677 (Pa. 2002) (citing **Jones v. Barnes**, 463 U.S. 745 (1983) for the proposition that expert appellate advocacy consists of the removal of weaker issues and the focus on a few strong issues). In **Showers**, we further stated:

Effective assistance of counsel on appeal is informed by the exercise of the expertise with which counsel is presumably imbued. It is the obligation of appellate counsel to present issues which, in counsel's professional judgment, "go for the jugular" and do not get lost in a mound of other colorable, nonfrivolous issues which are of lesser merit. Any evaluation of the effectiveness of appellate counsel must strike a balance between the duty to exercise professional judgment to limit the number of issues presented and the duty not to fail to litigate a substantial matter of arguable merit that presents a reasonable probability that a different outcome would have occurred had it been raised by prior counsel. It is the circumstances of the particular case which must guide a court in determining whether the truth-determining process was so undermined by the alleged ineffectiveness that no reliable adjudication of guilt or innocence could have taken place.

**Showers**, **supra** at 1016-17 (citations omitted). With this standard in mind, we now address the specifics of Appellant's claims.

Appellant contends that appellate counsel should have argued on appeal that his sentence was harsh and unreasonable. (**See** Appellant's Brief, at 20). We have stated that:

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (citation omitted).

In the instant matter, the sentencing court had the benefit of a Pre-Sentence Investigation Report (PSI). (**See** PSI, 4/17/09). We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (quotation marks and citations omitted). Here, the sentencing court had the benefit of a PSI and imposed a sentence within the standard range of the guidelines. (**See** N.T. Sentencing, 11/13/09, at 3, 7). Thus, Pennsylvania law views the sentence as appropriate and any claim on appeal that it was harsh and excessive would have lacked merit. **See Moury**, **supra** at 171. We will not fault appellate counsel for failing to raise a non-meritorious claim. **See Showers**, **supra** at 1016-17.

Appellant also argues that counsel should have raised claims on direct appeal that the trial court failed to consider mitigating factors, failed to consider his rehabilitative needs, and did not place sufficient reasons on the record to justify the sentence. (**See** Appellant's Brief, at 20-21). However, appellate counsel could not have raised these claims on direct appeal because Appellant waived them at the trial court level.

- 10 -

Specifically, the only issued raised in Appellant's post-sentence motion was the length of his sentence. (**See** Post-Sentence Motion, 11/23/09, at 2). An appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; further, an appellant cannot raise an issue for the first time on appeal. **See Commonwealth v. Mann**, 820 A.2d 788, 793-94 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion). We will not fault counsel for failing to raise waived issues on appeal. **See Showers**, **supra** at 1016-17. Appellant's ineffective assistance of appellate counsel claim lacks merit.

In his final claim, Appellant argues that the PCRA court erred in dismissing his petition without an evidentiary hearing. (**See** Appellant's Brief, at 15-16). The Pennsylvania Rules of Criminal Procedure provide the PCRA court with the discretion to dismiss a PCRA petition without an evidentiary hearing if it is patently without merit. **See** Pa.R.Crim.P. 907. Because Appellant's ineffective assistance of counsel claims lack merit, he is not entitled to an evidentiary hearing. **See Miller**, **supra** at 992.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2016