J. S22026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND FRANKLIN PEAKE, III | : | |
| | : | |
| Appellant | : | No. 1581 MDA 2015 |

Appeal from the PCRA Order August 12, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division No(s): CP-21-CR-0002579-2010

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED MAY 05, 2016**

Appellant, Raymond Franklin Peake, appeals *pro se* from the order entered in the Cumberland County Court of Common Pleas dismissing his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm on the basis that the PCRA Petition is untimely and the trial court properly found that the court lacks jurisdiction to review the petition.

On August 16, 2012, Appellant entered a negotiated plea of *nolo contendere* to second-degree murder and theft by unlawful taking related to the shooting death of Todd Getgen at a rifle range in Cumberland County. Pursuant to the plea negotiations, the trial court sentenced Appellant to life

---

[*] Retired Senior Judge assigned to the Superior Court.

imprisonment without the possibility of parole. Appellant did not file a direct appeal. His judgment of sentence therefore became final on September 15, 2012. 42 Pa.C.S. § 9545(b)(3).

Appellant timely filed his first PCRA Petition on August 19, 2013, raising several claims of ineffective assistance of counsel. The PCRA court denied the Petition as meritless on January 27, 2014, and this Court affirmed the denial on June 24, 2014. ***Commonwealth v. Raymond Franklin Peake, III***, No. 2198 MDA 2013 (Pa. Super. filed June 24, 2014) (unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal in the Pennsylvania Supreme Court.

Appellant filed the instant PCRA Petition on July 6, 2015. The PCRA court dismissed this second Petition as untimely on August 12, 2015.

Appellant timely appealed. Appellant raises five issues on appeal:

> (1) The Court erred in denying [A]ppellant relief based upon Appellant's claim that trial counsel was ineffective by inducing appellant to plead *[n]olo [c]ontendere* through the use of coercive statements.
>
> (2) The Court erred in denying Appellant relief based upon Appellant's claim that [t]rial [c]ounsel was ineffective in that [c]ounsels' statements to Appellant caused Appellant to enter a plea under duress.
>
> (3) The Court erred in denying Appellant relief based upon Appellant's claim that [t]rial [c]ounsel's ineffective assistance of counsel rendered Appellant's *[n]olo [c]ontendere* [p]leas unknowing and involuntary.

> (4) The Court erred in denying Appellant relief based upon Appellant's claim that [t]rial [c]ounsel was ineffective by failing to keep Appellant informed and apprised of the case against him.
>
> (5) The Court erred in denying Appellant relief based upon Appellant's claim that [t]rial [c]ounsel was ineffective by failing to obtain expert witness testimony that was critical to Appellant's case?

Appellant's Brief at 8.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. §9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court

may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Appellant filed the instant petition nearly three years after his judgment of sentence became final, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, Appellant's judgment of sentence became final on September 15, 2012, upon expiration of the time to file a Notice of Appeal with the Pennsylvania Superior Court. *See* 42 Pa.C.S. §9545(b)(3). In order to be timely, Appellant needed to submit his PCRA petition by September 15, 2013. *Id*. Appellant filed this PCRA petition on July 6, 2015, well after the one-year deadline.

The PCRA court properly concluded that Appellant failed to plead any of the timeliness exceptions provided in 42 Pa.C.S. §9545(b)(1) and the petition is untimely. PCRA Court Opinion, dated 11/6/15, at 5-6 (citing *Commonwealth v. Lawson*, 549 A.2d 107, 112 (Pa. 1988)).

Appellant, on appeal, avers that his PCRA petition is timely "because Petitioner has severe mental health issues and was denied meaningful, adequate[,] and effective access to the Court." Appellant's Brief at 12. This bald allegation does not fall within one of the exceptions set forth in 42 Pa.C.S. § 9545(b).

Moreover, the Appellant waived any consideration of this allegation. Appellant did not raise this issue below, does not develop this averment in his brief, and cites no legal authority to support his statement. *See*

Pa.R.A.P. 302(a); Pa.R.A.P. 2119(a); and ***Commonwealth v. Spots***, 18 A.3d 244, 282 (Pa. 2011).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016

COMMONWEALTH

V.

RAYMOND FRANKLIN PEAKE, III
OTN: L574944-6

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA
:
: CP-21-CR-2579-2010
:
: CHARGE: 1. CRIMINAL HOMICIDE –
: MURDER OF THE 2ND DEGREE;
: 4. THEFT BY UNLAWFUL TAKING OR
: DISPOSITION
:
: AFFIANT: DET. TIMOTHY LIVELY

## IN RE: OPINION PURSUANT TO PA.R.A.P. 1925

**Ebert, Jr., J., November 6, 2015 –**

Raymond Franklin Peake, III, Defendant in the above-captioned case, appeals the denial of his second Motion for Post-Conviction Collateral Relief (hereinafter "Second PCRA"). Defendant specifically complains of the following errors:

1. The Court erred in denying appellant relief based upon appellant's claim that trial counsel was ineffective by inducing appellant to plead Nolo Contendere through the use of coercive statements.

2. The Court erred in denying appellant relief based upon Appellant's claim that Trial Counsel was ineffective in that Counsels' statements to Appellant caused Appellant to enter a plea under duress.

3. The Court erred in denying Appellant relief based upon Appellant's claim that Trial Counsels [sic] ineffective assistance of counsel rendered Appellant's Nolo Contendere Pleas unknowing and involuntary.

4. The Court erred in denying Appellant relief based upon Appellant's claim that Trial Counsel was ineffective by failing to keep Appellant informed and apprised of the case against him.

5. The Court erred in denying Appellant relief based upon Appellant's claim that Trial Counsel was ineffective by failing to obtain expert witness testimony that was critical to Appellant's case?[1]

---

[1] Concise Statement of the Errors Complained of on Appeal, filed Oct. 13, 2015

## Procedural History

Defendant pled *nolo contendere* on August 16, 2012, to criminal homicide, murder in the 2nd Degree, and theft by unlawful taking or disposition, a felony of the 2nd degree. This plea was made pursuant to a negotiated plea agreement for a set sentence of life without the possibility of parole for the criminal homicide charge and a maximum sentence of five to ten years for the theft charge to run consecutive to the life sentence. Defendant did not file a direct appeal.

Defendant filed his first *pro se* PCRA (hereinafter "First PCRA") on August 19, 2013, claiming ineffective assistance of counsel. This Court then appointed Jacob Jividen, Esquire, to represent Defendant for his First PCRA. Thereafter, Attorney Jividen filed an Amended PCRA Petition on September 23, 2013. Attorney Jividen filed a Second Amended PCRA Petition on October 22, 2013. Defendant's First PCRA raised issues of ineffective assistance of counsel, specifically:

> a. Trial counsel was ineffective by inducing Petitioner to plead nolo contendere through the use of coercive statements. Specifically, Petitioner was told that his wife would be imprisoned if he proceeded to trial and she testified;
>
> b. Trial counsel was ineffective in that counsels' statements to Petitioner caused Petitioner to enter a plea under duress;
>
> c. Trial counsels' ineffective assistance of counsel rendered Petitioner's nolo contendere plea unknowing and involuntary;
>
> d. Trial counsel was ineffective by failing to keep Petitioner informed and apprised of the case against him;
>
> e. Trial counsel was ineffective for failing to raise Petitioner's competency to stand trial based upon Petitioner's mental state and prior history of post-traumatic stress disorder and by failing to obtain Petitioner's military health records; and

2

f. Trial counsel was ineffective by failing to obtain witness testimony that was critical to Petitioner's case. Specifically, Petitioner requested that a ballistics expert be retained to review the Commonwealth's evidence and consult with Petitioner's attorneys. Petitioner avers that he was never informed as to whether an expert had been retained in regard to his case. Petitioner further avers that he never received any reports or results of testing from a defense expert witness.[2]

A hearing was held on Defendant's First PCRA on November 22, 2013, and November 26, 2013. This Court denied Defendant's First PCRA on November 26, 2013. Defendant appealed the denial of his First PCRA. On June 24, 2014, the Pennsylvania Superior Court affirmed this Court's denial of Defendant's First PCRA, finding none of Defendant's ineffective assistance of counsel claims to be meritorious. *See* Commonwealth v. Peake, 2198 MDA 2013 (Pa. Super. June 24, 2014).

Defendant filed his Second PCRA *pro se* on July 6, 2015, raising the same issues raised in his First PCRA. The Commonwealth filed a Motion to Dismiss Defendant's PCRA Petition on July 9, 2015. On August 6, 2015, this Court issued an Order that it intended to dismiss Defendant's Second PCRA within 20 days because it was untimely, the claims had been waived, the claims had been previously litigated, and Defendant had not shown that a miscarriage of justice might have occurred. Defendant filed an Opposition to the Commonwealth's Motion to Dismiss on August 11, 2015. On August 12, 2015, this Court dismissed Defendant's Second PCRA. The instant appeal followed.

## Statement of Facts

This Court detailed the facts of this case in its prior 1925 Opinion, dated January 27, 2014. That Opinion is fully incorporated herein.

---

[2] Second Amended Petition for Post-Conviction Relief Pursuant to the Post Conviction Relief Act, filed Oct. 22, 2013

3

To be eligible for PCRA relief, a defendant "must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in" 42 Pa.C.S.A § 9543(a)(2). Commonwealth v. Faulk, 21 A.3d 1196, 1200 (Pa. Super. 2011). Defendant's Second PCRA raises issues of ineffective assistance of counsel. 42 Pa.C.S. § 9543(a)(2)(ii). In order "to obtain a reversal of a PCRA court's summary dismissal of a petition, [a defendant] must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief". Commonwealth v. Baumhammers, 92 A.3d 708, 726 (Pa. 2014). For each claim in a PCRA summarily dismissed, a PCRA court's action is reviewed for an abuse of discretion. Id. at 727. Defendant's Second PCRA was properly dismissed for several reasons.

## I. Timeliness

A PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless an exception applies. 42 Pa.C.S. § 9545(b)(1); see also Commonwealth v. Jones, 54 A.3d 14, 16-17 (Pa. 2012). The three exceptions for a late filing are: (1) failure to raise the claim was the result of interference by government officials; (2) the facts of the claim were unknown and could not have been ascertained by the exercise of due diligence; and (3) the right is a constitutional right held to apply retroactively. 42 Pa.C.S. § 9545(b). A judgment becomes final at the conclusion of direct review or the expiration of the time for seeking review. 42 Pa.C.S. § 9545(b)(3). A court lacks jurisdiction to grant PCRA relief when a PCRA is untimely filed. Id. at 17. These timeliness requirements apply to all PCRA petitions and

4

the burden is on the petitioner to prove an untimely petition fits within one of the three exceptions. Id.

In this case, Defendant was sentenced to life imprisonment on August 16, 2012. Defendant did not file a direct appeal. Therefore, Defendant's judgment became final on September 15, 2012, or thirty days after he was sentenced. Defendant had one year, or until September 15, 2013, to file all of his PCRAs, unless one of the three exceptions applied. Defendant's Second PCRA was not filed until July 6, 2015. It must be noted that the Defendant's Second PCRA did not raise ineffectiveness of his PCRA counsel, but simply repeats his claims of ineffective trial counsel. Accordingly, Defendant's Second PCRA does not meet any of the exceptions for a late filing. Therefore, Defendant's Second PCRA is untimely and there was no error in dismissing Defendant's PCRA as this Court has no jurisdiction to hear an untimely PCRA.

## II. Claims Previously Litigated

Additionally, Defendant's Second PCRA was properly dismissed because all of Defendant's claims have been previously litigated. An issue is deemed previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(3).

Here, all of Defendant's claims have been previously litigated. In his First PCRA, Defendant raised all of the same issues related to ineffective assistance of counsel he raises here. This is evident when reviewing and comparing the errors Defendant raises here to the issues raised in his First PCRA and noting they are virtually identical.

Furthermore, a "repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice". Commonwealth v. Lawson,

5

549 A.2d 107, 112 (Pa. 1988). The court in <u>Lawson</u> went on to state that, for example, the defendant did not attack the fairness of the trial nor assert that he is innocent of the crimes involved. <u>Id</u>. Here, Defendant likewise does not attack the fairness of his trial or claim that he is innocent and has not demonstrated a miscarriage of justice. There was no error in dismissing Defendant's second PCRA.

### iii. Waived Claims

Finally, any claim raised by Defendant that is not considered previously litigated has been waived. An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, on direct appeal, or in a prior PCRA. 42 Pa.C.S.§ 9544(b). Again, the Defendant pled nolo contendere to the charges on August 16, 2012, and did not file a direct appeal. Defendant does not present any issue now that could not have been raised during his First PCRA Petition. There was no error in dismissing Defendant's Second PCRA.

### Conclusion

This Court did not err in dismissing Defendant's Second PCRA. Defendant's Second PCRA was untimely and all issues have been previously litigated or waived. Defendant raised no issues that fit into any of the exceptions for filing a PCRA after one year and this Second PCRA was properly dismissed.

By the Court,

_____
M. L. Ebert, Jr.,                          J.

District Attorney's Office

6