J-S09036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SALVATORE CONIGLIARO, | |
| Appellant | No. 2809 EDA 2016 |

Appeal from the PCRA Order August 4, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0001216-2014

BEFORE:  SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 17, 2017**

Appellant, Salvatore Conigliaro, appeals from the order of August 4, 2016, which dismissed, without a hearing, his first, counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons discussed below, we affirm the dismissal of the PCRA petition.

We take the underlying facts and procedural history in this matter from the PCRA court's October 11, 2016 opinion, and our independent review of the certified record.

> The Commonwealth charged [A]ppellant with sixteen offenses, including aggravated indecent assault on a child, 18 [Pa.C.S.A.] § 3125(b), corruption of minors, 18 [Pa.C.S.A.] §

---

[*] Retired Senior Judge assigned to the Superior Court.

6301 (a)(1)(i) and indecent assault of a child, 18 [Pa.C.S.A.] § 3126(a)(8). With the assistance of his lawyer, James P. Lyons, Esquire, [A]ppellant negotiated an agreement with the [Commonwealth] in which he agreed to waive his right to present witnesses and allowed the Commonwealth to restrict its proof to documentary evidence and other stipulated facts, thus sparing the child-complainants from having to testify in court. In exchange, the [Commonwealth] dropped all but two of the sixteen charges [it] had filed against him. After a bench trial decided upon stipulated evidence, the [trial court] convicted [A]ppellant of corruption of minors, 18 [Pa.C.S.A.] § 6301 (a)(1)(i) and indecent assault of a child, 18 [Pa.C.S.A.] § 3126(a)(8). On the charge of corruption of minors, the [trial court] sentenced [A]ppellant to serve a term of incarceration of [not less than] eleven [nor more than] twenty-three months plus a term of three years' probation, and on the charge of indecent assault of a child, [A]ppellant was sentenced to serve a consecutive term of five years' probation.

On May 29, 2015, Holly C. Dobrosky, Esquire, entered her appearance on behalf of [A]ppellant. She filed a direct appeal to the Superior Court of Pennsylvania on June 22, 2015. That appeal was premature and was eventually dismissed by the Superior Court of Pennsylvania. Next, [on April 8, 2016,] with the assistance of Ms. Dobrosky, [A]ppellant filed a petition under the [PCRA]. The petition raised several grounds for relief, all based on claims that [Appellant received] ineffective legal assistance.

In paragraphs five through twelve of the PCRA petition, [A]ppellant pled facts in support of a claim that [trial counsel] was ineffective for having advised him to waive his right to a jury trial and stipulate to the evidence to be considered by the trial judge. More specifically, paragraph nine averred that [Appellant] "entrusted counsel to . . . proceed by way of a jury trial. . . ." Likewise, paragraph ten averred that [Appellant] "reasonably believed that he was proceeding . . . by a fair and impartial jury. . . ." Paragraph eleven averred that [trial counsel] advised him that participating in a stipulated waiver trial "would afford him the exact same rights and protections that would be afforded to him if he proceeded by way of the jury trial that [he] desired. . . ." Paragraph twelve averred that [Appellant] did not understand that he was about to "engage[ ] in a proceeding

- 2 -

which deprived [him] of a jury trial" because he was not educated in the law.

Paragraph fourteen of the petition made a vague allegation that [trial counsel] failed to adequately prepare for trial. . . . Paragraph fifteen complained that [trial counsel] "failed to subpoena witnesses . . . who could have testified in favor of [Appellant] at trial. . . ." Likewise, paragraph sixteen complained that [trial counsel] "failed to call defense witnesses. . . ."

Paragraphs thirteen and seventeen raised distinct claims of ineffective assistance of counsel. Paragraph thirteen alleged that [trial counsel] failed to obtain a Spanish language interpreter. Paragraph seventeen alleged that [trial counsel] "failed to adequately advise [Appellant] of his right to testify on his own behalf, and, as a result thereof, denied him the opportunity to testify on his own behalf."

On June 1[6], 2016, the [PCRA court] filed an order notifying [A]ppellant that [it] intended to deny his counseled PCRA petition without a hearing. In compliance with Pa.R.Crim.P. 907(1), the notice stated the reasons for denying the petition, and included a discussion of the claims raised in the petition and the legal authority applicable to the disposition of each claim. Also in compliance with Rule 907(1), the notice granted [Appellant] and his lawyer leave to respond within twenty days.

Ms. Dobrosky did not file a response. On July 18, 2016, Oliver C. Inslee, Esquire, filed an entry of appearance on behalf of [Appellant]. Like Ms. Dobrosky, Mr. Inslee did not file a response to the notice and order of June 1[6], 2016. On August 4, 2016, the [PCRA court] filed an order denying [A]ppellant's PCRA petition. Mr. Inslee then filed the instant appeal on behalf of [A]ppellant. The [PCRA court] ordered Mr. Inslee to file a [concise] statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Mr. Inslee complied in a timely manner. [On October 11, 2016, the PCRA court issued an opinion. *See* Pa.R.A.P. 1925(a).]

(PCRA Court Opinion, 10/11/16, at 1-4) (record citations omitted).

On appeal, Appellant raises the following question for our review.

Did the [PCRA] court err in denying the claim of ineffective assistance of trial counsel when trial counsel failed to advise the Appellant of adverse immigration consequences that would result from accepting a bench trial with stipulated facts supporting the Commonwealth's case against him?

(Appellant's Brief, at 2).

We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

. . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in

- 4 -

light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In his only issue on appeal, Appellant contends that he received ineffective assistance of trial counsel because counsel did not advise him of the adverse immigration consequences of a stipulated bench trial. (*See* Appellant's Brief, at 5-7). However, Appellant waived this claim.

We note that counsel is presumed effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013). The test for ineffective assistance of counsel is the same under both the United States and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). "A failure to satisfy

any prong of the test for ineffectiveness will require rejection of the claim." **Jones**, **supra** at 611 (citation omitted).

Prior to addressing the merits of the claim, we must decide if it is properly before us. It is long settled that issues not raised in a PCRA petition or amended PCRA petition are waived on appeal. **See Commonwealth v. Lauro**, 819 A.2d 100, 103 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (finding five issues not in original or amended PCRA petition waived). Also, as amended in 2007, Rule 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 430 (Pa. Super. 2009). Lastly, an appellant cannot raise a subject for the first time on appeal. **See Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a).

In the instant matter, while Appellant raised many claims of ineffective assistance of counsel in his PCRA petition, he did not claim that counsel was ineffective for failing to advise him of adverse immigration consequences. (**See** Petition for Relief Under the Post Conviction Hearing Relief Act, 4/08/16, at unnumbered pages 2-4). Moreover, even if he had raised this

issue in his petition, Appellant did not raise this claim in his Rule 1925(b) statement, raising it for the first time in his appellate brief. (*See* Concise Statement of Errors Complained of on Appeal, 9/29/16, at unnumbered pages 1-2). Thus, Appellant waived his claim on appeal and we therefore affirm the PCRA court's dismissal of his PCRA petition without a hearing. *See Handford*, *supra* at 1098 n.3; *Lauro*, *supra* at 103; *Lord*, *supra* at 309.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017