COMMONWEALTH of Pennsylvania,
Appellee

v.

Lewis A. FAULK, Appellant.

Superior Court of Pennsylvania.

Submitted March 14, 2011.
Filed April 11, 2011.

man, Mark Kastelic, had been watching television in Mr. Kastelic's living room when Appellant, who was an acquaintance of both men, came to the door. Mr. Kastelic admitted Appellant into the home and then walked toward the kitchen in the back to let his dog inside. Upon hearing some noises, Mr. Kastelic returned to the living room to find Appellant standing over the victim and hitting him in the face with a closed fist. The victim was beaten severely, bleeding profusely, and barely conscious. Appellant then walked out the door and left the premises while Mr. Kastelic sought emergency medical care for the victim.

The victim required many weeks of treatment for his trauma-related injuries, first at a hospital in the intensive care unit and then at a rehabilitation facility. His injuries included brain injury, several fractures, lost teeth, and subdural hematoma. He experienced post-traumatic amnesia, and at the time of Appellant's trial, continued to have difficulty with memory, balance, and walking.

\* \* \*

A succession of attorneys was appointed to represent Appellant. Initially, in October 2004, Patricia Elliott, Esq., was appointed as Appellant's counsel; approximately six months later she filed a motion to withdraw, citing a menacing and intimidating letter that she had received from Appellant and an irretrievable breakdown of the attorney-client relationship. Following a hearing on June 9, 2004, the court granted attorney Elliott's motion to withdraw and appointed Brian Aston, Esq., as Appellant's new counsel. In September 2004, Appellant sent a letter to the trial judge, [attempting to fire] [A]ttorney Aston and demanding new counsel, based on

Lewis A. Faulk, appellant, pro se.

John W. Peck, II, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., LAZARUS and PLATT \*, JJ.

OPINION BY STEVENS, P.J.:

Appellant, Lewis Faulk, files this *pro se* appeal from the July 2, 2010 order entered in the Court of Common Pleas of Westmoreland County, denying his petition pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

This Court previously set forth the factual background and procedural history of this case in an opinion filed June 15, 2007, in which we affirmed Appellant's judgment of sentence:

> Appellant was charged with aggravated assault and related offenses after he severely injured the victim by punching him in the face several times with a closed fist. The victim and another

---

\* Retired Senior Judge assigned to the Superior Court.

1. 42 Pa.C.S.A. §§ 9541–9546.

Appellant's perception that [A]ttorney Aston was devoting insufficient attention to Appellant's case. A third attorney, Scott Avolio, was appointed to represent Appellant. Citing an unspecified conflict, Appellant petitioned the court to choose an attorney other than Mr. Avolio. The court then appointed a fourth attorney, Michael DeMatt, on November 12, 2004.

Although Appellant was represented by appointed counsel throughout the pretrial and trial proceedings, he filed numerous *pro se* petitions, regarding, *inter alia,* alleged Rule 600 violations, bail bond, discovery and evidentiary matters. Appellant also sent three threatening and profane letters to the trial judge, demanding recusal. In October 2004, the trial judge recused herself, and a new judge assumed responsibility for Appellant's case.

A three-day jury trial commenced on January 5, 2005. Just before jury selection began, the court discussed with Appellant his dissatisfaction with his latest attorney, Mr. DeMatt. Appellant complained that [Attorney] DeMatt did not follow Appellant's instructions with regard to trial preparations, and Appellant stated to the court that he did not wish to be present for his trial. Appellant also threatened to disrupt verbally the *voir dire* proceedings. The court informed Appellant of his right to be present at trial and the risks of not exercising that right. However, Appellant refused to take an oath or to acknowledge the court's comments. Appellant was then transported from the courtroom, as he had requested. The trial was conducted in Appellant's absence, and after hearing extensive testimony, the jury found Appellant guilty of aggravated assault[2] and simple assault.[3] Sentencing was deferred pending the preparation of a pre-sentence report.

Approximately one month after the end of the trial, Appellant filed a *pro se* motion to vacate his conviction, alleging ineffective assistance of counsel. Per order of the trial court, Attorney DeMatt withdrew and Attorney James Wells was appointed as Appellant's new counsel. Appellant then sent a letter to the clerk of courts, stating that he would hence forth proceed *pro se* and would rely on court-appointed counsel only in a co-counsel capacity. Following a hearing, the court denied Appellant's request to proceed *pro se.* However, the court directed Attorney Wells to withdraw and appointed Mark Shire, Esq., to represent Appellant. On June 13, 2005, the court sentenced Appellant to serve not less than six and not more than twenty years in prison.

*Commonwealth v. Faulk,* 928 A.2d 1061, 1063–65 (Pa.Super.2007) (footnotes and citations omitted). This Court affirmed Appellant's judgment of sentence on June 15, 2007. Our Supreme Court denied Appellant's petition for allowance of appeal on January 30, 2008.

On January 28, 2009, Appellant filed a timely *pro se* PCRA petition.[4] Appellant

---

**2.** 18 Pa.C.S.A. § 2702(a)(1).

**3.** 18 Pa.C.S.A. § 2701(a)(1).

**4.** A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the defendant's judgment of sentence becomes final, unless the petitioner proves one of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. As our

Supreme Court denied Appellant's petition for allowance of appeal on January 30, 2008, Appellant's judgment became final 90 days later on April 29, 2008, based on the expiration of time for seeking a writ of *certiorari* with the United States Supreme Court. Accordingly, Appellant filed a timely PCRA petition within one year of the date his sentence became final.

waived his right to counsel for collateral review in a hearing held on March 16, 2009. The PCRA court held multiple hearings on June 22, 2009, July 20, 2009, September 9, 2009, and January 26, 2010 in order to allow Appellant ample time to comply with his obligations under the Pennsylvania Rules of Criminal Procedure. On July 9, 2010, the PCRA court denied Appellant's petition. This timely appeal followed.

Appellant raises the following issues for our review on collateral appeal:

1) DID THE LOWER COURT ERROR [SIC] IN FAILING TO FIND THAT AT A PRETRIAL HEARING IN FRONT OF JUDGE PEZZE, APPELLANT'S CONSTITUTIONAL RIGHT UNDER BOTH THE SIXTH (6th) AMENDMENT TO THE UNITED STATES CONSTITUTION. ARTICLE ONE (1) § NINE (9) OF THE PENNSYLVANIA CONSTITUTION WERE VIOLATED WHEN JUDGE PEZZE FAILED TO CONDUCT A FULL COLLOQU[Y] PURSUANT TO Pa.R.Crim.P. 121[?]

2) DID THE LOWER COURT ERROR [SIC] IN FAILING TO FIND THAT APPELLANT WAS STRIPED [SIC] OF HIS PRO SE STATUS BY JUDGE PEZZE AT A PRETRIAL HEARING, AND THAT WAS A DIRECT VIOLATION OF BOTH THE SIXTH (6th) AMENDMENT OF THE UNITED STATES CONSTITUTION, ARTICLE ONE (1) § NINE (9) OF THE PENNSYLVANIA CONSTITUTION[?]

3) DID THE LOWER COURT ERROR [SIC] IN FAILING TO FIND APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, UNDER BOTH THE SIXTH (6th) AMENDMENT OF THE UNITED STATES CONSTITUTION, ARTICLE ONE (1) § NINE (9) OF THE PENNSYLVANIA CONSTITUTION WERE VIOLATED, IN THAT COUNSEL FAILED TO ADVOCATE AND PROTECT APPELLANT'S RIGHT OF SELF–REPRESENTATION[?]

4) DID THE LOWER COURT ERROR [SIC] IN FAILING TO FIND APPELLANT'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, UNDER BOTH THE SIXTH (6th) AMENDMENT OF THE UNITED STATES CONSTITUTION, ARTICLE ONE (1) § NINE (9) OF THE PENNSYLVANIA CONSTITUTION, WERE VIOLATED IN THAT COUNSEL FAILED TO WITHDRAW AS COUNSEL PRETRIAL IN THE FACE OF AN ACTUAL CONFLICT BETWEEN APPELLANT AND COUNSEL[?]

5) WAS APPELLANT HELD TO AN UNREASONABLE STANDARD BY THE PCRA COURT IN APPLYING THE REQUIREMENTS OF 42 Pa.C.S.A. § 9545(d)(1), WHICH WAS HIGHLY PREJUDICIAL TO APPELLANT[?]

Appellant's Brief, at 4.[5]

In reviewing an appeal from the denial of PCRA relief, "our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Martin,* — Pa. ——, 5 A.3d 177, 182 (2010) (citations omitted). "The PCRA provides relief to individuals who prove they were convicted of crimes they did not commit and those receiving illegal sentences." *Commonwealth v. Fletcher,* 604

---

**5.** We have renumbered Appellant's questions presented for ease of review.

Pa. 493, 514, 986 A.2d 759, 771–72 (2009) (citing 42 Pa.C.S.A. § 9542). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Subsection 9543(a)(2); one of those circumstances is the ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). Further, the petitioner must show that the issues raised in his PCRA petition have not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3).

In his first and second issues, Appellant essentially alleges the trial court abused its discretion in denying his request to proceed *pro se* and thus, violated his constitutional right to self-representation under the Sixth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. However, this claim is waived as Appellant failed to raise it on direct appeal. *See* 42 Pa. C.S.A. § 9544(b) (providing that "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

In his third issue, Appellant brings a similar claim by asserting he was deprived of his constitutional right to self-representation by the ineffectiveness of one of his trial attorneys, Atty. DeMatt. Specifically, Appellant claims Atty. DeMatt should have challenged the trial court's failure to conduct a colloquy to determine whether Appellant knowingly, voluntarily, and intelligently wished to proceed *pro se*.

■ Because there is a presumption that counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. *Commonwealth v. Ligons,* 601 Pa. 103, 124, 971 A.2d 1125, 1137 (2009) (citations omitted). To prevail on an ineffective assistance claim, a defendant must establish "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Ali,* —— Pa. ——, 10 A.3d 282, 291 (2010) (citations omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Id.*

■ It is well established that "[a] criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. The right to appear *pro se* is guaranteed as long as the defendant understands the nature of his choice." *Commonwealth v. El,* 602 Pa. 126, 134, 977 A.2d 1158, 1162 (2009) (quoting *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). Our rules of criminal procedure require the trial court to conduct a colloquy to ensure the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent.[6] Pa.

---

6. Pennsylvania Rule of Criminal Procedure 121 provides that the trial judge should conduct a colloquy with respect to the following:
  (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
  (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

  (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
  (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
  (e) that the defendant understands that there are possible defenses to these charges

R.Crim.P. 121.

■ However, "in order to invoke the right of self representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be **clear and unequivocal.**" *Commonwealth v. Davido,* 582 Pa. 52, 64, 868 A.2d 431, 438 (2005) (citations omitted) (emphasis added). In *Davido,* our Supreme Court emphasized that a defendant's request to proceed *pro se* should be analyzed based on the totality of the circumstances to determine whether it was unequivocal:

> While this court has not considered when a request to proceed *pro se* is deemed "unequivocal," a review of federal case law reveals that the courts generally consider a myriad of factors in concluding whether a request was unequivocal including: whether the request was for hybrid representation or merely for the appointment of standby or advisory counsel, the trial court's response to a request, whether a defendant has consistently vacillated in his request, and whether a request is the result of an emotional outburst. The essence of these cases is that the inquiry surrounding whether a request to proceed *pro se* is unequivocal is fact intensive and should be based on the totality of the circumstances surrounding the request.

*Id.* at 65–66, 868 A.2d at 438–39 (citations omitted).

■ In the instant case, we find Appellant's underlying claim to be meritless as Appellant did not make a clear and unequivocal request for self-representation. We note with displeasure that Appellant repeatedly filed *pro se* motions while represented by counsel. Appellant expressed dissatisfaction with his numerous attorneys and requested that alternate counsel be appointed on several occasions. Yet Appellant neither expressly asked the trial court to proceed *pro se* nor directed his attorneys to advocate for his right to self-representation. The record does not contain a docketed motion in which Appellant asked to proceed pro se. Appellant maintains he filed a petition for *pro se* status on October 10, 2004, which he attached as an exhibit to his PCRA reply brief filed on July 16, 2010. However, this alleged motion was never docketed and a time stamped copy of this motion does not appear in the certified record. As both the trial court and the Commonwealth deny Appellant ever requested to proceed *pro se,* we cannot accept Appellant's assertion that this motion was filed in the trial court.

Appellant also claims he requested to proceed *pro se* at a pretrial hearing held on November 1, 2004. On this date, Judge Debra Pezze appointed Appellant's third defense counsel, Atty. Avolio, to help Appellant file counseled motions in place of the *pro se* motions he had been filing while represented by Atty. Brian Aston, who had been allowed to withdraw in a hearing held that morning. The following exchange occurred between Appellant and the trial court:

> [Commonwealth]: [Appellant] is present not represented by counsel. There was a hearing earlier this morning, and Mr. Aston was allowed to withdraw as counsel.
>
> [Trial Court]: Okay, your case is on the trial list, [Appellant], and you don't have a lawyer at this point?

that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

[Appellant]: Yes, your Honor. Your Honor, I would like to address a few issues.

\* \* \*

I would ask, make a motion, an oral motion to reconsider the petition that I filed in front of you on—
[Trial Court]: 10–21.

\* \* \*

[Trial Court]: I am going to appoint Mr. Avolio to represent you and to file a more formal Rule 600 motion.

\* \* \*

The aggravated assault is a felony of the first degree. The maximum punishment, if you are convicted, is 20 years in jail and a $25,000 fine. Clearly, from the petitions you have filed, my review of them, you are not capable of representing yourself. You don't have an understanding of the rules of law or the rules of criminal procedure that will allow you to be counsel for yourself in such a serious criminal matter. So clearly, you need a lawyer to represent you.

Now I know the past two lawyers have been court appointed, and that you have been unable to get along with them. And Mr. Avolio is a very good lawyer. And I think you would be able to have a working relationship with him. But that is what you have to understand, it has to be a working relationship. They are not to be your friends or your buddies. They are professionals. And they can listen to what you have to say, but ultimately they are going to make the call, because they are trained in the law, and they understand these legal issues, that from your filings, [Appellant], you clearly do not understand.
[Appellant]: So I understand what you are saying, Your Honor … the only thing, nobody knows my case better than me.

[Trial Court]: The facts of your case. You may know the facts of your case, but you don't know the law about your case.
[Appellant]: *I agree with you on that, Your Honor.*

N.T. Pretrial Hearing, 11/1/04, at 2–3, 5–7 (emphasis added).

■ In reviewing the record, it appears that Appellant wanted to proceed with hybrid representation, desiring the ability to proceed *pro se* while represented by counsel. It is well established that "there is no constitutional right to hybrid representation either at trial or on appeal.... A defendant may not confuse and overburden the court by his own *pro se* filings of briefs at the same time his counsel is filing briefs on his behalf." *Ali,* —— Pa. ——, 10 A.3d at 293 (quoting *Commonwealth v. Ellis,* 534 Pa. 176, 180–84, 626 A.2d 1137, 1139, 1141 (1993)). After a jury convicted Appellant of the assault charges, he filed a motion to enter his appearance as "Lead Counsel," "keeping the court appointed counsel as co-counsel for advisement purposes only, as well as for legal knowledge." *Pro Se* Motion, 3/24/05, at 1. Accordingly, as Appellant is not entitled to hybrid representation, we cannot find Atty. DeMatt was ineffective in failing to raise a meritless claim.

■ Appellant also claims that Atty. DeMatt was ineffective for failing to withdraw his representation "in the face of an actual conflict between Appellant and counsel." Appellant's Brief at 12. Appellant generally asserts that Atty. DeMatt did not follow Appellant's "list of requests" and did not present Appellant's "desired defense," but does not explain what his requests were, if counsel had a reasonable basis for not complying with these requests, or how Appellant was prejudiced. Appellant's failure to develop this argument impedes our ability to provide a

meaningful review of his claim. *See Commonwealth v. Steele,* 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) (finding that "undeveloped claims, based on boilerplate allegations, cannot satisfy [an appellant's] burden of establishing ineffectiveness").

In his last claim, Appellant argues that the PCRA court held him to an unreasonable standard by requiring him to provide signed certifications with respect to each potential witness he wished to call to set forth their proposed testimony in accordance with Section 9545(d) of the Post Conviction Relief Act which states:

**(d) Evidentiary hearing.—**

(1) Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1).

Appellant relies on *Commonwealth v. Brown,* 767 A.2d 576, 583 (Pa.Super.2001), in which this Court found that Section 9545(d) does not require a petitioner to attach *sworn or notarized affidavits* in support of his request for an evidentiary hearing, but merely a signed certification as to each potential witness he proposes to call to testify. In that case, we found the PCRA court did not abuse its discretion in dismissing Brown's petition without a hearing when he failed to provide certifications for any of his potential witnesses. *Id.* at 583–84.

Likewise, in the case *sub judice,* the PCRA court conducted multiple hearings and granted Appellant's request for a private investigator in order to give Appellant ample time and opportunity to prepare certifications for the witnesses he desired to call to testify. As Appellant submitted only a witness list and failed to comply with the PCRA court's repeated directions to file witness certifications, we cannot find the PCRA court abused its discretion in refusing to allow Appellant to present the testimony of his potential witnesses.

For all the foregoing reasons, we affirm the PCRA court's dismissal of Appellant's PCRA petition.

Order affirmed.