J-S90007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAWN STEVENSON | : | |
| | : | |
| Appellant | : | No. 3346 EDA 2015 |

Appeal from the PCRA Order October 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002308-2009

BEFORE:  OTT, SOLANO, and JENKINS, JJ.

MEMORANDUM BY OTT, J.:                **FILED FEBRUARY 02, 2017**

Shawn Stevenson appeals from the order entered October 26, 2015, in the Philadelphia County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S. §§ 9541-9546.  Stevenson seeks relief from the aggregate sentence of eight to 20 years' imprisonment, imposed September 28, 2010, after his conviction of robbery, possessing an instrument of crime ("PIC"), and persons not to possess firearms.[1]  On appeal, Stevenson contends the PCRA court erred in denying relief when the trial court abused its discretion

---

[1] *See* 18 Pa.C.S. §§ 3702(a)(1), 907, and 6105(a)(1), respectively.

in failing to provide the jury with a requested **Kloiber**[2] charge. For the reasons below, we find this claim is waived.

The facts underlying Stevenson's conviction are well-known to the parties, and were recited in detail in the trial court's March 7, 2011, opinion filed in response to Stevenson's direct appeal. **See** Trial Court Opinion, 3/7/2011, at 3-6. Therefore, we need not reiterate them herein. In summary, on February 6, 2009, Stevenson robbed the victim, and shot him in the leg. Following a jury trial, on June 29, 2010, Stevenson was convicted of robbery and PIC.[3] The trial court also found Stevenson guilty of persons not to possess firearms. On September 28, 2010, the trial court sentenced Stevenson to a term of seven to 15 years' imprisonment for the charge of robbery, a consecutive term of one to five years' imprisonment for the charge of PIC, and a concurrent term of three and one-half to seven years' imprisonment for the firearms conviction.

---

[2] **Commonwealth v. Kloiber**, 106 A.2d 820, 826-827 (Pa. 1954) (holding that "where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution."), *cert. denied*, 348 U.S. 875 (1954).

[3] The jury returned a verdict of not guilty on charges of attempted murder, aggravated assault, and criminal conspiracy. **See** 18 Pa.C.S. §§ 901, 2702, and 903, respectively.

Stevenson filed a timely direct appeal. Although he listed nine potential issues in his court-ordered concise statement of errors complained of on appeal,[4] including a challenge to the trial court's denial of a requested *Kloiber* instruction, he raised only two issues asserting trial court error before the Superior Court. Specifically, he claimed the trial court erred in (1) denying his motion to suppress evidence, and (2) questioning witnesses during the trial. *See Commonwealth v. Stevenson*, 32 A.3d 842 [2822 EDA 2010] (Pa. Super. 2011) (unpublished memorandum at 1). Finding both issues meritless, a panel of this Court affirmed the judgment of sentence. *See id.* Thereafter, on April 4, 2012, the Pennsylvania Supreme Court denied Stevenson's petition for allowance of appeal. *See Commonwealth v. Stevenson*, 42 A.3d 293 (Pa. 2012).

On June 28, 2012, Stevenson filed a timely *pro se* PCRA petition.[5] Counsel was appointed, and filed an amended petition on January 21, 2014, raising one issue for review, namely, whether the trial court erred in failing to provide a full *Kloiber* charge to the jury. *See* Amended Petition Under Post Conviction Relief Act, 1/21/2014, at 4. On August 24, 2015, the PCRA

_____

[4] *See* Concise Statement, 1/10/2011.

[5] We note that Stevenson initially filed a *pro se* petition on November 1, 2011, while his petition for allowance of appeal was still pending before the Supreme Court. Accordingly, on February 27, 2012, the PCRA court entered an order dismissing that petition without prejudice as premature. *See* Order, 2/27/2012. The petition at issue herein, filed in June of 2012, was effectively his first.

court sent Stevenson notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Stevenson did not respond to the Rule 907 notice, and, on October 26, 2015, the court entered an order dismissing Stevenson's PCRA petition. This timely appeal followed.[6]

Stevenson frames his sole issue on appeal as follows:

Whether the trial court's denial of PCRA relief was error where the court failed to find that the **Kloiber** charge given to the jury was incomplete and that it failed to include the language – "consider with caution", and whether such failure was an abuse of discretion violating [Stevenson's] right to a fair trial under the Pennsylvania and U.S. Constitutions?

Stevenson's Brief at 3.

The PCRA court determined this issue was waived because it could have been raised on direct appeal. **See** PCRA Court Opinion, 2/26/2016, at 5-6. We agree.

In order to be eligible to obtain post-conviction collateral relief, a petitioner must plead and prove, *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before

---

[6] On December 22, 2015, the PCRA court ordered Stevenson to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Stevenson complied with the court's directive, and filed a concise statement on January 11, 2016.

trial, at trial, during unitary review, **on appeal** or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b) (emphasis supplied).

Here, Stevenson's claim that the trial court erred in denying his request for a **Kloiber** jury charge is waived because he could have raised it on direct appeal. In fact, Stevenson included this issue in his court-ordered concise statement, but then abandoned the claim in his brief on appeal. Accordingly, it is waived for our review.[7] **See Commonwealth v. Faulk**, 21 A.3d 1196, 1200 (Pa. Super. 2011) (claim that trial court abused its discretion in denying appellant's request to proceed *pro se* was waived for PCRA review when appellant failed to raise the claim on direct appeal).

Because we find the only issue raised on appeal is waived, we affirm the order on appeal denying Stevenson's PCRA petition.[8]

Order affimed.

Judge Jenkins did not participate in the consideration or decision of this case.

---

[7] We emphasize that Stevenson does **not** assert appellate counsel's ineffectiveness for failing to raise this issue on direct appeal.

[8] We note that the PCRA court, in its opinion, concluded that even if the issue were not waived, Stevenson would be entitled to no relief. **See** PCRA Court Opinion, 2/26/2016, at 6-7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2017