J-S56034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAKHAN WILLIAMS, | |
| Appellant | No. 3384 EDA 2016 |

Appeal from the PCRA Order September 28, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005561-2009

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　　　**FILED NOVEMBER 09, 2017**

Appellant, Jakhan Williams, appeals from the order of September 28, 2016, which dismissed, without a hearing, his first timely, counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

We take the underlying facts and procedural history in this matter from this Court's March 5, 2013 decision on direct appeal, the PCRA court's January 11, 2017 opinion, and our independent review of the certified record.

> . . . On February 1, 2008, Appellant was arrested and charged with attempted murder, aggravated assault, criminal conspiracy,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that, despite requesting and being granted two extensions of time, the Commonwealth filed a late brief in this matter.

possession of a firearm by a prohibited person, possession of an unlicensed firearm, possession of a firearm by a minor, possession of a firearm in public in Philadelphia, possession of an instrument of crime, simple assault, and reckless endangerment. The charges were filed after Appellant and Nuri Murray attempted to rob Rafael Teet on November 21, 2007. The victim was located on the driveway of 5626 Litchfield Street, Philadelphia, and had just completed a conversation with an eyewitness who was located in a car. Mr. Teet was holding his one-year-old son, who was unharmed, during the incident. Appellant and Murray, both of whom possessed guns, approached Mr. Teet to rob him. Mr. Teet told the two assailants to leave him alone while his son was present. Appellant then opened fire and struck the victim, who was protecting the baby, multiple times in the leg and chest. In the hospital, Mr. Teet positively identified Appellant and Murray as the two men who attempted to rob him. Appellant was convicted of [aggravated assault, conspiracy to commit aggravated assault, and possession of an instrument of crime], but he was acquitted of the remaining charges. Sentence was imposed on April 5, 2011. Appellant did not file a post-sentence motion, but did initiate [a] timely[, direct] appeal on May 4, 2011.

(**Commonwealth v. Williams**, No. 179 EDA 2012, unpublished memorandum at *1-2 (Pa. Super. March 5, 2013) (footnote omitted)).

On March 5, 2013, this Court affirmed the judgment of sentence. (**See id.**). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On February 24, 2014, Appellant, acting *pro se*, filed the instant, timely PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on July 17, 2015. On June 29, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response. On September 28, 2016, the court dismissed Appellant's PCRA petition.

On October 27, 2016, Appellant filed a timely notice of appeal. The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Despite this, Appellant filed a Rule 1925(b) statement on December 28, 2016. *See id.* On January 11, 2017, the PCRA court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review.[2]

1. Should the Appellant's sentence be vacated as he was subject to an unconstitutional mandatory minimum sentence?

(Appellant's Brief, at 8).

Appellant appeals from the denial of his PCRA petition. Our standard of review is settled. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at

_____

[2] Despite requesting, and being granted, two extensions of time, the Commonwealth has not filed a brief in this matter.

trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

Appellant contends that he was sentenced to an illegal mandatory minimum sentence "for offen[s]es committed with a firearm."[3] (Appellant's

---

[3] Appellant also contends that he received ineffective assistance of sentencing counsel. (*See* Appellant's Brief, at 14-17). Appellant did not include this claim in his statement of the questions involved. (*See id.* at 8). The Rules of Appellate Procedure provide that issues to be resolved must be included in the statement of questions involved or "fairly suggested" by it. Pa.R.A.P. 2116(a). This issue is not included in the statement of questions involved, nor is it "fairly suggested" by it. Thus, we hold that Appellant has waived this claim. *See Commonwealth v. Harris*, 979 A.2d 387, 397 (Pa. Super. 2009) (holding claim waived when not included in statement of questions involved). In any event, as discussed *infra*, Appellant's illegal sentence claim lacks merit and we will not fault counsel for failing to object to, or file a motion challenging a legal sentence.

Brief, at 9; *see id.* at 11-14). Appellant claims that his sentence violated the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*See id.* at 11-14). We disagree.

In his brief, Appellant does not specify which charge was subject to the mandatory minimum. (*See* Appellant's Brief, at 9-17). Appellant also does not cite to the record to support his contention that he was sentenced to a mandatory minimum sentence. (*See id.*).

In its opinion, the PCRA court discussed its disposition of Appellant's illegal sentence claim as follows:

> In a supporting memorandum, the illegality of the sentences was solely defined as their having been imposed under unspecified mandatory minimum sentencing laws without the jury having determined the unspecified facts that triggered their imposition. As will be shown, while the Commonwealth requested, and the sentencing court did briefly mention, the mandatories, it actually based its decision on aggravating factors instead.
>
> At the sentencing hearing, the Commonwealth summarized the factors of record which it considered pertinent to the court's consideration. In addition to [Appellant's] particularly heinous conduct in perpetrating the crimes, as described by [the trial court in its Rule 1925(a) opinion on direct appeal], and noting that two of the convictions were subject to mandatory sentencing statutes, the prosecutor pointed out that, while [Appellant's] prior record score was only [one], that score did not reflect his ten juvenile arrests,[4] which resulted in six adjudications and eleven commitments to delinquent institutions, subsequent criminal convictions for PWID and felony burglary and two disciplinary infractions while in prison awaiting trial and sentencing in this case. He had fired thirteen shots at the victim, while the victim's one-year-old son was nearby, and struck him multiple times in the legs, pelvis, abdomen and ribs causing him to have to undergo

_____

[4] Appellant committed the underlying offenses at age eighteen.

several surgical and other medical procedures. While it must be conceded that the court did consider the mandatory sentencing provisions which were subsequently ruled unconstitutional in *Commonwealth v. Valentine*, 2014 Pa. Super. 220, 101 A.3d 801, (2014), [*appeal denied*, 124 A.3d 309 (Pa. 2015)], the record shows that it did so only perfunctorily, did not employ them, had more than adequate justification for imposing sentences near to the maximum but within the appropriate parameters, and did nothing that could have rendered the sentences illegal in any other ways. The record clearly reflects that the court was provided with and took into account the appropriate presentence reports, one of which set forth the applicable sentencing guidelines.

> THE [SENTENCING] COURT: [Appellant], rise. If you recall there was testimony in this case that there [were] two assailants. Some of the defendants with the guns and the defendant made the phone call, you know I did it and that kind of testimony. [Appellant] was eighteen years old at the time of these crimes.
>
> I make that point because the Commonwealth asked that I impose the mandatory and that the mandatory sentencing requirement apply. With [Appellant] being the actual shooter, there is no argument there. . . .
>
> Based on [Appellant's] record, the sentence I would give is the same even if the mandatory did not apply, so that is clear. On the aggravated assault it is [not less than eight nor more than sixteen] years, which is the upper end of the standard range. The conspiracy is [seven] years consecutive probation and possession of the instrument of a crime is [five] years probation to run concurrent on the probation of the conspiracy bill. . . .

Notes of Testimony, Sentencing Volume 1, April 05, 2011.

(PCRA Court Opinion, 1/11/17, at 7-9) (footnote omitted).

We have reviewed the notes of testimony in question. The record reflects that both the aggravated assault and conspiracy counts were subject

to a mandatory minimum sentence. (***See*** N.T. Sentencing, 4/05/11, at 4-5). Further, the record demonstrates that the Commonwealth was requesting that Appellant be sentenced **above** the mandatory minimum on the aggravated assault charge but to the mandatory minimum on the conspiracy charge. (***See id.*** at 5-8). The record shows that trial court did not sentence Appellant to a mandatory minimum on the conspiracy charge, and, based on aggravating sentencing factors, sentenced him not to a mandatory minimum, but to a sentence in the upward end of the standard range for aggravated assault. (***See id.*** at 8-9). We have held that where the sentence exceeds the mandatory minimum sentence and the trial court did not base the sentence on the mandatory minimum, a sentence cannot be found to be illegal on that basis. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015).

Thus, as the record supports the PCRA court's findings that Appellant was not sentenced to a mandatory minimum sentence, the PCRA court did not err in dismissing Appellant's PCRA petition. ***See Falk***, ***supra*** at 1199.

Order affirmed.

Judge Stabile joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/9/2017</u>