J-A16012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TORRENCE JUDE MCCARTHY :
:
Appellant : No. 181 MDA 2021

Appeal from the PCRA Order Entered January 6, 2021,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0000425-2005.

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: SEPTEMBER 27, 2021**

Torrence Jude McCarthy appeals from the order denying his first timely

petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A.

§§ 9541-46. We affirm.

The PCRA court summarized the pertinent facts as follows:

> The evidence presented at trial established that in the
> early hours of December 23, 2004, Laci Orris, age 18, and
> her friend Hope Montanez, age 17, were at the Twin Lakes
> apartment complex on Union Deposit Road near Harrisburg.
> They had stopped for gas and were spying on Ms. Orris'
> boyfriend, as they suspected him of cheating. Shortly after
> the women arrived at the apartment complex, a white van
> with brown or red stripes pulled in and parked next to Ms.
> Orris' car. [McCarthy], the driver, emerged from the vehicle
> along with William Hassell. They approached the two
> women and struck up a friendly conversation. Both

_____

[*] Former Justice specially assigned to the Superior Court.

[McCarthy] and Mr. Hassell got into the backseat of Ms. Orris' car. [McCarthy] identified himself as "Mac."

After a few more minutes of conversation, [McCarthy] returned to the van but got back into Ms. Orris' car shortly thereafter. He entered via the rear passenger door, kept the door open with one foot outside on the ground, and pointed a gun at the women, asking them if they knew what it was. They said that they did, at which point [McCarthy] demanded their money and everything else they had. The gun was pointed within inches of the women's heads, and at one point [McCarthy] told them he was going to kill them. Ms. Montanez handed [McCarthy] her black Adidas bag and Ms. Orris, who was flustered, did not give [McCarthy] anything, but she may have thrown a bottle at him.

As [McCarthy] stepped out of the car, Ms. Orris pulled away, and both women made sure to memorize the van's license plate. They called the police and were told to meet the officers at a nearby Rite Aid Pharmacy. Officer Brian Guarnieri of the Lower Paxton Township Police Department met Ms. Orris and Ms. Montanez at the Rite Aid where the women relayed what happened. Officer Guarnieri issued a "be on the lookout" (BOLO) for the van.

Officer Thomas Robbins of the Swatara Township Police Department heard the BOLO and observed a van matching that description heading toward Harrisburg. After confirming the license plate number, Officer Robbins stopped the van and Ms. Orris and Ms. Montanez were brought to the scene of the traffic stop. They identified [McCarthy] and Mr. Hassell as the men who had been in their vehicle. Officer Robbins noticed that [McCarthy] showed signs of intoxication and, based on his training and experience, believed that [McCarthy] had been drinking. [McCarthy] was tested and the result reflected a BAC of [.061] %. A search of the van revealed a small amount of marijuana in a cup-holder. The black Adidas bag was located by the police approximately fifteen feet from the street along the route of travel from the Twin Lakes apartment complex to the location of the arrest.

PCRA Court Opinion, 1/5/21, at 2-4 (citations omitted).

Following his arrest, McCarthy was charged at two separate dockets. At No. 425-CR-2005, he was charged with two counts of robbery, terroristic threats, recklessly endangering another person, possession of an instrument of crime, theft by unlawful taking, and possession of a small amount of marijuana. At No. 949-CR-2005, McCarthy was charged with driving under the influence ("DUI"). The trial court granted the Commonwealth's request to join the two dockets for trial. On April 6, 2006, a jury convicted McCarthy of the charges at No. 425-CR-2005. At the trial's conclusion, the trial court found McCarthy guilty of DUI, but acquitted him of the marijuana possession.

On June 27, 2006, the trial court imposed an aggregate sentence of six to seventeen years, plus fines and costs. The trial court denied McCarthy's post-sentence motion, and McCarthy filed an appeal to this Court in which he raised a challenge to the sufficiency and the weight of the evidence supporting his convictions. On July 9, 2007, we rejected these claims, but vacated McCarthy's judgment of sentence and remanded for resentencing because McCarthy's robbery and theft convictions should have merged for sentencing purposes. *Commonwealth v. McCarthy*, 932 A.2d 257 (Pa. Super. 2007)(non-precedential decision).

On August 16, 2007, the trial court reimposed the same aggregate sentence for McCarthy's robbery convictions. No further sentence was imposed for the remaining convictions. After he filed a *pro se* PCRA petition, the trial court reinstated McCarthy's direct appeal rights *nunc pro tunc.* Thereafter, McCarthy filed a timely appeal to this Court, and, on January 28,

2009, we affirmed his judgment of sentence. ***Commonwealth v. McCarthy***, 968 A.2d 793 (Pa. Super. 2009). McCarthy did not seek further review.

On February 19, 2010, McCarthy filed a *pro se* PCRA petition. The PCRA court appointed counsel who was later permitted to withdraw. McCarthy filed a supplemental PCRA petition on April 7, 2010. Over the ensuing ten years, McCarthy filed multiple *pro se* motions and petitions with our Supreme Court in his quest for post-conviction relief. Ultimately, the trial court appointed current counsel to represent McCarthy.

On August 6, 2020, the PCRA court held an evidentiary hearing at which McCarthy clarified the three claims he wished to raise via his *pro se* PCRA petition. Importantly, McCarthy did not present the testimony of his trial counsel. At the hearing's conclusion, the PCRA court directed the parties to file a brief supporting their positions. By order entered January 6, 2021, the PCRA court denied McCarthy's petition. This timely appeal followed. Both McCarthy and the PCRA court have complied with Pa.R.A.P. 1925.

McCarthy raises the following three issues on appeal:

1. Whether the [PCRA] court erred when it determined that trial counsel was not ineffective when trial counsel failed to object to the joinder of the criminal dockets 425 CR 2005 and 949 CR 2005?

2. Whether the [PCRA] court erred when it determined trial counsel was not ineffective for failing to call a witness, Mary McSweeney, to testify at trial?

3. Whether the [PCRA] court erred when it determined that trial counsel was not ineffective for failing to impeach [Ms.] Orris with her prior criminal history and the Commonwealth failed to provide this

- 4 -

exculpatory/impeachment evidence to [McCarthy] prior to trial?

McCarthy's Brief at 7 (excess capitalization and underline omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

All of McCarthy's issues challenge the effectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure

to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010).

When attempting to prove ineffectiveness, the burden is always on the PCRA petitioner. While claims of trial court error may support the arguable merit element of an ineffectiveness claim, a PCRA petitioner must meaningfully discuss each of the three prongs of the ineffectiveness claim in order to prove that he is entitled to relief. **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015). To this end, failure to elicit testimony from trial counsel regarding the reasonable basis for trial counsel's actions is fatal to a PCRA claim of ineffectiveness. **See Commonwealth v. Koehler**, 36 A.3d 121, 146-47 (Pa. 2012). It is petitioner's burden to produce counsel at a PCRA evidentiary hearing in order to meet his burden of proof that his claims warrant relief. **Commonwealth v. Jones**, 596 A.2d 885 (Pa. Super. 1991).

In his first issue, McCarthy asserts that trial counsel was ineffective for failing to object to the Commonwealth's request to join the two dockets for trial. Prior to jury selection, the following exchange occurred between the trial court and the parties:

> THE COURT: We are ready for the case Commonwealth versus Torrence McCarthy, 425 C.D. 2005. The charges to be put to the jury for determination are two counts of robbery, terroristic threats, unlawful possession of instruments of a crime, recklessly endangering another person, theft by unlawful taking.
>
> Then as a side note for the court to decide is possession of a small amount of marijuana.

[THE COMMONWEALTH]: Your Honor, if I could just add to that, we initially thought there was a DUI that was associated with this incident. We initially thought that was going to be part of a guilty plea on that portion of it. That apparently has changed.

I guess we have two choices. That would also go to you. Being a first offense, it is a six-month maximum, so that would go to the Court rather than the jury.

[TRIAL COUNSEL]: It is actually docketed under a different docket number.

THE COURT: But it was joined for trial.

[TRIAL COUNSEL]: When [McCarthy] gets pulled over with regard to the robbery, he is charged with DUI but it is a different charging officer.

[THE COMMONWEALTH]: It was a different police department altogether.

THE COURT: What you could do, if you desire, one thing you may want to do is let's consider that along with this trial. We will join it for trial; however, at the conclusion of the portion that's for the jury, if the Commonwealth will allow them to keep their case open to then put on, if there is anything additional to put on for the nonjury aspect.

[THE COMMONWEALTH]: [Trial counsel] indicated to me he would be willing to stipulate to the BAC, which would make it really almost a formality as far as presenting it to the Court.

THE COURT: Depending on what defenses are used. I am willing to accept it that way.

[TRIAL COUNSEL]: I am fine with that. That's fair.

[THE COMMONWEALTH]: At that point, it would simply be testimony: [McCarthy] was given the breathalyzer, and here are the results, and then read the stipulation into the record.

THE COURT: Do you want me to advise the jury that I will be considering the issues of driving under the influence

and small amount of marijuana, or do you want me to be silent?

[TRIAL COUNSEL]: I don't think it would be necessary to address the jury with regard to the additional charges.

THE COURT: They are going to hear certain facts and they are going to wander what happened to them. What do you want me to say, if anything? I don't care. I don't have to say anything. I am just trying to find out from you gentleman what your preference would be.

[TRIAL COUNSEL]: Judge, I would be fine possibly with an instruction that there are two additional charges, small amount [of marijuana] and driving under the influence charge, that you are making a determination on that, and I would be fine with something like that.

THE COURT: I note for the record that this is anticipated to be less than a two-day case, so notebooks will not be provided to the jury.

What is the DUI case?

[TRIAL COUNSEL]: 949 C.R. 2005.

THE COURT: We will be calling that case as well.

N.T., 4/3/06, at 2-4. Before trial testimony began, the trial court informed the jury that they would hear testimony regarding driving under the influence and possession of a small amount of marijuana, but that the trial court would determine whether McCarthy was guilty of these charges. *Id.* at 10-11. As noted above, after jury reached their verdict, the trial court found McCarthy guilty of DUI, but acquitted him of the marijuana charge. *See* N.T., 4/6/06, at 66.

In support of his first ineffectiveness claim, McCarthy first argues that the "criminal dockets [did] not qualify to be joined under Pa.R.Crim.P. 563."

McCarthy's Brief at 12 (emphasis omitted). He further asserts that "the joinder unnecessarily [let] the jury hear evidence regarding [his] other bad acts in contravention to Pa.R.E. 404(b)." *Id.* According to McCarthy, evidence that he "was intoxicated and engaged in additional criminal activity" was "highly prejudicial" to him. *Id.* Finally, McCarthy argues that the fact he was driving under the influence was not necessary to prove any element of robbery, its probative value was outweighed by its prejudicial impact, and "the jury could have reached a different verdict based on whether or not [he] was intoxicated on the night of the robbery, and therefore, trial counsel was ineffective for not trying to sever the matters." *Id.* at 14. We disagree.

Initially, we note that McCarthy's reference to Rule 563 of the Pennsylvania Rules of Criminal Procedure, which involves the joinder of crimes in the same information, has no application to this case. Rather, Rule 582(A)(1) of the Pennsylvania Rules of Criminal Procedure provides that crimes charged at different dockets may be tried together if "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that the is no danger of confusion" or "the offenses charged are based on the same act or transaction." Pa.R.Crim.P. 582(A)(1)(a), (b).

"If the trial court finds that the evidence is admissible and the jury can separate the charges, the court must also consider whether consolidation would unduly prejudice the defendant." *Commonwealth v. Knoble*, 188

A.3d 1199, 1205 (Pa. Super. 2018). When considering prejudice, the **Knoble** court further summarized:

> While evidence of other criminal behavior is not admissible to demonstrate a defendant's propensity to commit crimes, it may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity[,] or absence of mistake or accident as long as the probative value of the evidence outweighs its prejudicial effect." **Commonwealth v. Smith**, 47 A.3d 862, 867 (Pa. Super. 2012) (citing Pa.R.E. 404(b)(2), ((3)).
>
> Another exception is the common law "same transaction" or "*res gestae*" exception. **Commonwealth v. Brown**, 52 A.3d 320, 325-26 (Pa. Super. 2012). This exception is applicable in "situations where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development." **Id.**

**Knoble**, 188 A.3d at 1205.

"Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." **Id.** (citing **Commonwealth v. Wholaver**, 989 A.2d 883, 888 (Pa. 2010). Here, the PCRA court found McCarthy's ineffectiveness claim to lack arguable merit because the trial court's joinder of the two dockets for trial was warranted. Relying on the "res gestae" exception, the court concluded:

> [McCarthy's] DUI would have been admissible in is robbery and terroristic threats trial had the offenses been tried separately. The Pennsylvania Supreme Court has recognized the res gestae exception, allowing the admission of other crimes or bad acts to tell "the complete story." **Commonwealth v. Williams**, 896 A.2d 523, 539 (Pa. 2006); **Commonwealth v. Lark**, 543 A.2d 491, 497 ([Pa.] 1988). Such evidence may be admitted, however, "only if

- 10 -

> the probative value outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). The evidence of [McCarthy's] DUI completes the story of the criminal episode on the evening in question. He was found intoxicated when the officers apprehended him fleeing from the robbery, make it admissible under both prongs of Pa.R.Crim.P. 582. Thus, trial counsel had no basis upon which to object.

PCRA Court Opinion, 1/5/21, at 5. The PCRA court also concluded that McCarthy could not establish prejudice given the overwhelming evidence of guilt.

Our review of the record and pertinent case law supports the court's conclusion. *See Knoble*, 188 A.3d at 1206 (affirming consolidation of three separate dockets for trial "[g]iven the timeline of events and the interrelatedness" of the crimes; "the evidence of each crime would have been admissible in the trials of the other offenses so that the jury could fully understand the natural development of the case").

McCarthy's claims to the contrary are unavailing. Even if his claim of ineffectiveness had arguable merit, McCarthy is unable to establish that trial counsel had no reasonable basis for acceding to joinder of the two offenses. McCarthy did not call trial counsel during the PCRA hearing. *Koehler*, *supra*. Moreover, because trial counsel's opening and closing arguments were not transcribed, we do not know counsel's trial strategy regarding the joinder of these dockets. Finally, McCarthy makes only a bare assertion of prejudice. McCarthy's first issue fails.

In his second issue, McCarthy asserts that trial counsel was ineffective for failing to call Mary McSweeney, an attendant at the A Plus gas station, to testify at trial and contradict Ms. Montanez's testimony that she and Ms. Orris had not talked to McCarthy prior to their meeting in the parking lot of the apartment complex.

Our standard of review is well settled:

> When raising a claim of ineffectiveness for failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [**Strickland v. Washington**, 466 U.S. 668 (1984)] test by establishing that: (1) the witness existed; 2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial[.]

**Commonwealth v. Matias**, 63 A.3d 807, 810-11 (quoting **Commonwealth v. Sneed**, 45 A.3d 1096, 1108-09 (Pa. 2012). Moreover, a failure to call a witness is not *per se* ineffective assistance of counsel because such a decision usually involves matters of trial strategy. **Sneed**, 45 A.3d at 1108-09.

Once again, McCarthy has failed to meet his burden. As the PCRA court explained:

> [McCarthy] has not established how Ms. McSweeney's testimony would have been beneficial to him where the trial evidence also established that [McCarthy] had a peaceful conversation with the victims prior to returning later to rob them. By not presenting Ms. McSweeney's testimony at the PCRA hearing, [McCarthy] has failed to demonstrate that the witness existed, was available to testify for the defense, that counsel knew of or should have known about her, and that the absence of her testimony was so prejudicial to have

denied [McCarthy] a fair trial. [McCarthy] cannot establish prejudice.

PCRA Court Opinion, 12/30/20, at 6 (citations omitted).

Our review of the PCRA hearing supports the PCRA court's conclusion. Although McCarthy discussed the unsuccessful attempt to locate Ms. McSweeney, his representation to the court of her availability and the proffered contents of her testimony cannot substitute for her actual appearance and testimony at the PCRA hearing.[1] Thus, McCarthy' second ineffectiveness claim fails.

In his third and final issue, McCarthy asserts that trial counsel was ineffective for failing to impeach one of the victims, Ms. Orris, with evidence of her prior criminal history. Our review of the record supports the PCRA court's conclusion that, at the PCRA hearing, McCarthy "did not prove that Ms. Orris had any criminal history at the time of trial." PCRA Court Opinion, 12/30/20 (citation omitted). Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. ***See generally***, ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981). Thus, McCarthy's third ineffectiveness claim entitles him to no relief.

Order affirmed.

---

[1] A review of the trial testimony refutes McCarthy's claim that Ms. McSweeney's proffered testimony "would have been the sole evidence to refute the testimony of the victims." McCarthy's Brief at 15. As part of his defense, McCarthy's called Mr. Hassell, who testified that McCarthy spoke to the victims at the gas station. ***See*** N.T., 4/6/06, at 11-13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2021