J-S29008-20
J-S29009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARREM JOHNSON, | : | |
| | : | |
| Appellant | : | No. 1335 EDA 2019 |

Appeal from the PCRA Order Entered April 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010355-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARREM JOHNSON, | : | |
| | : | |
| Appellant | : | No. 1336 EDA 2019 |

Appeal from the PCRA Order Entered April 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005131-2009

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                     Filed: August 20, 2020

_____

[*] Retired Senior Judge assigned to the Superior Court.

In these related cases,[1] Karrem Johnson, appeals, *pro se*, from the order of April 17, 2019, in the Court of Common Pleas of Philadelphia County, denying, without a hearing, his "second amended" petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After review, we conclude: (1) Appellant's application was, in actuality, not a second amendment to his first PCRA petition but a second or successive PCRA petition; (2) the PCRA court lacked jurisdiction to review the PCRA petition pursuant to **Commonwealth v. Lark**, 746 A.2d 585, 493 (Pa. 2000); and (3) in any event, the PCRA petition is untimely. Accordingly, we quash this appeal.

Because of our disposition in this matter, there is no need to recite the facts underlying Appellant's conviction, other than to say on June 22, 2008, Appellant shot and killed Christopher Lomax. On February 9, 2011, a jury convicted Appellant of murder in the first degree, burglary, possessing an instrument of crime, and three violations of the Uniform Firearms Act; the trial court immediately sentenced Appellant to life in prison.

On August 27, 2012, this Court affirmed the judgment of sentence. **See Commonwealth v. Johnson**, 60 A.3d 581 (Pa. Super. 2012) (unpublished

---

[1] The cases are related because they concern the same facts, the same appellant, and raise the same issues. We note the trial court issued a single opinion on both cases and the parties filed identical briefs. Therefore, we will dispose of these matters in one decision.

memorandum). On September 25, 2013, the Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Johnson*, 75 A.3d 1281 (Pa. 2013). On May 19, 2014, the United States Supreme Court denied Appellant's petition for a writ of certiorari. *Johnson v. Pennsylvania*, 572 U.S. 1119 (2014).

On March 22, 2015, Appellant, acting *pro se*, filed a timely first PCRA petition. The trial court appointed counsel, who filed an amended PCRA petition on November 28, 2015, which raised claims of ineffective assistance of trial counsel. Subsequently, the PCRA court issued its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On December 12, 2016, the PCRA court dismissed Appellant's PCRA petition. On December 14, 2016, Appellant filed a timely notice of appeal.

On August 15, 2017, despite the matter pending on appeal, Appellant filed, without seeking leave of court, what he titled a second amended PCRA petition in the PCRA court. It raised a single new issue: trial counsel was ineffective for failing to object to the trial court's jury instruction on reasonable doubt. On August 17, 2017, Appellant filed a petition to remand in this Court. On August 30, 2017, Appellant filed a petition for leave to amend his PCRA petition in the PCRA court. On August 31, 2017, Appellant's counsel filed a motion to withdraw as counsel in this Court. On September 5, 2017, counsel filed a petition for leave to file a supplemental brief to raise the same new

issue regarding trial counsel's competence. On September 8, 2017, this Court granted Appellant's application to file a supplemental brief.

On February 13, 2018, we affirmed the denial of Appellant's first PCRA petition. *Commonwealth v. Johnson*, 179 A.3d 1105 (Pa. Super. 2018). In footnote ten of the opinion, we denied the motions to remand and to withdraw as counsel. *Id.* at 1123 n.10. We held Appellant waived his claim regarding trial counsel's failure to object to the jury charge because he did not raise it in his first amended PCRA petition or in his Rule 1925(b) statement. *Id.* However, we noted Appellant was free to pursue the claims below. *Id.* On November 20, 2018, the Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Johnson*, 197 A.3d 1174 (Pa. 2018).

On December 13, 2018, counsel filed a petition to withdraw in the PCRA court so Appellant could raise counsel's ineffectiveness for failing to raise, in the first amended PCRA petition, trial counsel's ineffectiveness for not objecting to the jury charge. The PCRA court granted counsel's request to withdraw. Appellant did not seek appointment of new counsel and did not seek leave to file a supplemental PCRA petition raising PCRA counsel's ineffectiveness. On February 21, 2019, the court issued a Rule 907 notice. Appellant did not file a response. On April 17, 2019, the PCRA court denied Appellant's second amended PCRA petition. The instant timely appeal

followed.[2]  On appeal, Appellant contends PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in not objecting the trial court's reasonable doubt instruction.  Appellant's Brief, at 4.

Our standard of review is settled.  We review a denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Faulk***, 21 A.3d 1196, 1199 (Pa. Super. 2011) (citation omitted).

Prior to reaching the merits of Appellant's claim, we must first decide if this appeal is properly before us.  As noted above, Appellant filed what purported to be an amendment of his first amended PCRA petition, while the appeal of the dismissal of that petition was pending before this Court. Appellant fails to point to any authority, and we can find none, which would permit the amendment of a PCRA petition that the PCRA court dismissed over eight months previously.  Moreover, it is long settled a PCRA petitioner must seek leave of court *prior* to filing a supplemental petition.  ***See*** Pa.R.Crim.P. 905(a); ***see also Commonwealth v. Mason***, 130 A.3d 601, 625 n.29 (Pa. 2015).  While Appellant did eventually seek leave to amend in the PCRA court, the denial of his first petition was on appeal.  A timely appeal typically divests

---

[2] The PCRA court directed Appellant to file a concise statement of errors complained of on appeal on May 8, 2019.  Although it is not listed on the docket, it appears Appellant filed a timely Rule 1925(b) statement.  On September 26, 2019, the court filed an opinion.

the trial court of jurisdiction over the case. ***See*** Pa.R.A.P. 1701(a). Thus, the trial court did not have jurisdiction to consider Appellant's motion for leave to file an amended PCRA petition. Moreover, this Court ultimately *affirmed* the dismissal of the petition and the Pennsylvania Supreme Court denied leave to appeal. There is certainly no authority which would allow for the amendment of a PCRA petition under these circumstances.

Accordingly, the trial court should have characterized Appellant's filing as a second or subsequent PCRA petition and dismissed it as premature. As noted, Appellant filed the instant application during the pendency of the appeal of Appellant's first PCRA petition. The Pennsylvania Supreme Court has held that a second or subsequent PCRA petition cannot be filed until "the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Commonwealth v. Lark***, 746 A.2d at 588; ***but see Commonwealth v. Porter***, 35 A.3d 4 (Pa. 2012) (PCRA court may consider second or subsequent PCRA petition where first petition has been held in abeyance at request of petitioner and case is not on appeal). Thus, Appellant's second PCRA petition was prematurely filed and should have been dismissed as such.

Even if that was not the case, the petition is untimely and thus, the trial court had no jurisdiction to entertain it. ***See Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000).

A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013).

Appellant's judgment of sentence became final on May 19, 2014, the date on which the United States Supreme Court denied his petition for a writ of certiorari. **See** Pa.C.S.A. § 9545(b)(3). Therefore, he had until May 19, 2015, to file a timely PCRA petition. The one before us, filed August 15, 2017, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In the petition, Appellant contended he had recently discovered, in an unpublished decision, a judge in the United Stated District Court for the Eastern District of Pennsylvania found an identical reasonable doubt jury instruction given by the trial judge who presided over Appellant's case unconstitutional. Second Amended Post Conviction Petition, 8/15/17, at unnumbered pages 1-2. While the PCRA does allow for an exception for newly recognized constitutional right, in order to invoke the exception a petitioner must plead and prove:

- 7 -

> The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii). For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim.[3] **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

Here, however, Appellant has not met this standard. He does not point to any new right recognized by either the Pennsylvania or United States Supreme Court; he only directs our attention to an unpublished memorandum by a district court judge. As we noted in our decision affirming the dismissal of Appellant's prior PCRA petition, decisions of a federal district court are not binding on this Court. **See Johnson**, 179 A.3d at 1123 n.10 (citation omitted). And they certainly do not constitute a decision by the Supreme Court of Pennsylvania or the Supreme Court of the United States. Therefore, Appellant fails to satisfy the newly recognized constitutional right exception the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). The instant petition

---

[3] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. Accordingly, the one-year extension does not apply to Appellant's August 2017 PCRA petition.

is untimely, does not satisfy any statutory exception, and there is no jurisdiction for any court to review the petition.[4]

Accordingly, because Appellant filed his petition during the pendency of the appeal on his prior petition, the instant PCRA petition is premature. Further, as Appellant failed to plead and prove his petition falls within one of the enumerated exceptions to the PCRA time bar, it is untimely. We are without jurisdiction to consider the merits of his appeal.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/20

_____

[4] Further, even if we had jurisdiction, Appellant waived the only claim raised on appeal. Appellant did not raise his concerns about PCRA counsel's stewardship in a response to the Rule 907 notice or in a serial PCRA petition. Appellant raised the claim for the first time in his Pa.R.A.P. 1925(b) statement. This Court has held claims of ineffective assistance of PCRA counsel must be raised either in a response to a Rule 907 notice or in a serial PCRA petition; they cannot be raised for the first time in a Rule 1925(b) statement or on appeal. *See Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (Pa. Super. 2018). Thus, we would lack jurisdiction to hear Appellant's claim of ineffective assistance of PCRA counsel. If we had jurisdiction to reach Appellant's underlying claim of ineffective assistance of trial counsel, we would find it lacked merit for the reasons expressed in the PCRA court's opinion. *See* PCRA Court Opinion, 9/23/19, at 5-11.